*Ex parte* William Burgess, et al.

*New Castle, Aug. T.* 1822.

The widow of a deceased tenant in common, who is entitled to dower in his undivided share of the lands held in common, cannot join in a petition for partition of the lands until after her dower has been assigned to her in the Orphans' Court, without metes and bounds.*

The proceeding for partition lies between tenants of the freehold. A widow, prior to the assignment of her dower, is not such a tenant, and therefore she cannot join in a petition for partition.

After dower, without metes and bounds, has been assigned and the widow enters, she is a tenant, and holds her undivided dower ; and then, by the equity of the Statute, 32 Hen. VIII., c. 32, and of the Statute of this State, partition may be made between her and the tenants in common.

Petition for Partition—Dower in an undivided Share.—This was a petition for partition among tenants in common of certain real estate, situated in New Castle county, devised by the last will and testament of John Hook deceased, to his two children, Henry Hook and Agnes Hook. Henry Hook, one of the original tenants in common, died intestate, leaving to survive him a widow, named Ann, who afterwards intermarried with James Hanson ; also leaving two children, his heirs at law. The widow of Henry Hook, together with her husband, James

---

* The law is now otherwise under the present statute of partition, *Rev. Code, Chap.* 86, *Sec.* 22, as amended by Act of Jan. 18, 1867 ; 13 Laws of Del., 150. By this Act, in order that the title under a sale in partition may be clear of curtesy and dower in an undivided share, and that a corresponding interest in the purchase money may, by the decree for distribution, be secured in lieu of the curtesy or dower, the husband or wife entitled is required to be a party to the proceeding. The Act of 1867 was declaratory of a practice already in force,—having grown out of the statutes providing for the sale of lands in proceedings for partition, which could not be divided without detriment to the parties interested.

30

Hanson, joined in the petition for partition, no assignment of dower having been yet made to her. It was this feature of the case which came under the special consideration of the Chancellor.

The petition was as follows :

"The petition of William Burgess, Henry Burgess, Josiah Bunker and Sarah his wife, late Sarah Burgess, and James Hanson and Ann his wife, late Ann Hook, who was the widow of Henry Hook, deceased, and Samuel McVay and Jane his wife, late Jane Hook, and Henrietta Ann Hook, by her guardian and next friend, the said James Hanson, humbly showeth ;—

That a certain John Hook, late of St. Georges' Hundred, New Castle county and State of Delaware, was in his lifetime and at the time of his death, lawfully seised in his demesne as of fee, of and in a certain plantation or tract of land, bounded by lands of James Houston, George Vandegrift, Samuel Thomas and Archibald Alexander, situate in said hundred and county, and containing one hundred and eighty acres, more or less ; and being so thereof seised, the said John Hook duly made and executed his last will and testament in writing, bearing date the 14th day of December, A. D., 1783, whereby among other things, he devised to his two children, Henry Hook and Agnes Hook, in fee, all the said plantation or tract of land, to wit, two-third parts thereof to the said Henry and one-third part thereof to the said Agnes. That afterwards the said John Hook departed this life without revoking or altering the said last will and testament, leaving to survive him the said children, Henry and Agnes. That the said last will and testament of the said John Hook was duly proved, and now remains in the office of the Register of Wills in and for New Castle County. That the said Agnes Hook and Henry Hook, after the death of the said John Hook, became seized in fee as tenants in common of the

said plantation, to wit, the said Agnes of one full, equal and undivided third part thereof, and the said Henry of the remaining two full, equal and undivided third parts of the same tract. And the said Agnes intermarried with a certain William Burgess, and died about the year of our Lord, 1810, a widow, intestate, leaving to survive her three children, her heirs at law, viz : William, Henry and Sarah Burgess, who are now living, and to whom the said equal and undivided third part of the said plantation descended and came, Sarah having intermarried with and being now *covert* of a certain Josiah Bunker. That the said Henry Hook died intestate, on or about the 15th of August, 1813, leaving to survive him a widow named Ann, now *covert* of a certain James Hanson, and two children, now in full life, to wit, Jane Hook, who since intermarried with a certain Samuel McVay, and Henrietta Ann Hook, to whom the remaining said two full, equal and undivided third parts of the said plantation descended and came, subject to the right of dower of the aforesaid Ann therein.

That the said William Burgess and Henry Burgess are each entitled to one-ninth of the aforesaid plantation, and the said Josiah Bunker and Sarah his wife, in right of the said Sarah, are entitled to another ninth part thereof, making together the one-third part of said plantation which descended to them from the said Agnes Burgess as aforesaid. That the said Samuel McVay and Jane his wife, in right of the said Jane, and the said Henrietta Ann Hook are entitled to the remaining two thirds of the aforesaid plantation, to be equally divided between them, subject to the right of dower of the said Ann Hanson as aforesaid.

That the said William Burgess, Henry Burgess, Sarah Burgess, and the said Josiah Bunker in right of his wife, the said Sarah, do elect to hold their third part of the aforesaid plantation in common among themselves, but

separate and distinct from the other two-third parts thereof.

That the said Ann and James Hanson, in right of his wife, the said Ann, and the said Samuel and Jane McVay, in right of his wife, the said Jane, and the said Henrietta Ann, by her guardian and next friend the said James Hanson, do elect still to hold among themselves, their shares or parts of the tract of land aforesaid in common.

Your petitioners, uniting in this petition, therefore pray your honor that partition of the aforesaid plantation be made among the parties interested therein, according to their aforesaid rights and the election of your petitioners as hereinbefore stated and set forth, and according to the form and effect of the several Acts of Assembly in such case made and provided, and to do what else may be by law required.

(Signed, &c.)

The petition was presented to the Chancellor at the August Term, 1822, by *Read, Jr.*, counsel for the petitioners.

The Chancellor, upon consideration, declined to make the order, as prayed for, and afterwards assigned the following as his reasons:

By the last will of John Hook, his children, Agnes and Henry, became tenants in common, Agnes in one-third, and Henry in two-thirds, of the land devised. Agnes married William Burgess, and having survived him died intestate, leaving three children, William, Henry and Sarah now the wife of Josiah Bunker. Henry died intestate leaving a widow, Ann, now the wife of James Hanson, and two children, Jane, the wife of Samuel McVay and Henrietta Ann.

The object of the petition is to assign to William Burgess, Henry Burgess and Josiah Bunker and Sarah his wife, their third part of the land to be held by them in common; and to assign to James Hanson and Ann his

wife, who was the widow of Henry Hook, and to Samuel McVay and wife and Henrietta Ann Hook the other two-thirds, to be held by them in common, according to their respective interests.

The objection that I have is, that James Hanson and Ann his wife do not hold any part of the land. Ann is entitled to dower in Henry Hook's two-thirds part, but until the dower shall be assigned to her she does not hold the land; and even supposing she should, on the assignment of dower, become tenant in common for her life, yet until the assignment she cannot in any character be a party to the partition.

The following authorities seem to be explicit. In *Co. Lit.* 34 *a*, it is said " and so it is, when the wife of one " tenant in common demands a third part of a moiety, yet " after judgment she cannot enter until the sheriff deliver " to her the third part, albeit the delivery of the sheriff " shall reduce it to no more certainty than it was." Again, in the same place, it is said, " for as concerning dower at " common law, there must be an assignment, either by the " sheriff (as hath been said), by the King's writ, or else by " the heir or other tenant of the land by consent and agree- " ment between them." In these passages, Lord Coke is commenting on the 39th *Sec. of Littleton*, where it is said, that on an endowment at the church door the widow may enter without other assignment, but as to dower at common law, he means to say, there must be an assignment before she can enter. See *Co. Lit.* 37 *a*, *b*, *Sec.* 43, 44 : 3 *Lev.* 84 : 2 *Bac. Abr.* 127, *Dower*, *B* : 3 *Bac. Abr.* 189, *Joint tenants and tenants in common.*

The word *tenet* in a writ doth always imply a tenant of the freehold And, therefore, if one parcener maketh a lease for years, yet a writ of partition will lie; but if one or more make a lease for life, a writ of partition doth not lie between them; for that *non tenent insimul et pro indiviso*, they do not hold the freehold together, and the writ of

partition must be against the tenant of the freehold.   And
so, if one be disseised by the other, no writ of partition
lies; and so, if one make a lease for life, the writ shall not
be against her, but against her lessee; but if one make a
lease for years, the other may have a writ of partition
against her, *Co. Lit.* 167, *a*, *b*, 175–6 : 16 *Vin. Abr.* 225, *pl.* 2.

In *Mundy vs. Mundy*, 2 *Ves. Jr.* 122–124, the Lord Chan-
cellor asks, " cannot a dowress come here, as a coparcener
can come, for a partition ?"   And afterwards, page 125,
from the remark on *Smith vs. Angel, Farresley's Rep.* 40, it
would seem that dower being assigned the widow becomes
seised, and the partition would lie.

Partition between tenants in common and joint tenants
by Stat. 31, Hen. VIII, was extended by Stat. 32, Hen. VIII,
to limited interests for life or years ; and the same right
exists in equity by bill as at law by writ (*Baring vs. Nash*,
1 *V. & B.* 551), and the owner of the inheritance of the
share of tenant for years need not be a party.

As soon as the dower is assigned and the widow enters,
she is a tenant, or holds her undivided dower, and by the
equity of the statute 32 Hen. VIII c. 32, and of our Acts
of Assembly, partition may be made between her and the
tenant in common

I have met with no case in the books of such a petition.
But a writ of partition lies against the tenant by the cur-
tesy, because he continueth the estate of co-parcenary ;
and so he shall have a writ of partition upon the Stat. 32
Hen. VIII c. 32; for although he is not joint tenant nor
tenant in common, yet he is in equal mischief as another
tenant for life and is also within the equity of the statute.
*Co. Lit.* 175, *a*, *b*.   Upon the same principle a tenant in
dower should have partition.   She, as to her dower, con-
tinues the estate, and the words, as well as the reason and
equity of the statute, comprehend her equally with a tenant
by the curtesy, or any other tenant for life.   The only

difference between her and the tenant by the curtesy is, that he continues the estate in the whole land, she in a third only. But I cannot perceive how that should create any difference; for their estates are the same although the portions of land differ. And Coke on Littleton says that her estate lies in the whole land, and that her dower must be assigned in common, for that she cannot have it otherwise than as her husband had it.

Suppose the heirs of both tenants in common to have partition without her dower being assigned, and without making her a party:—she might still proceed against all of them for her dower, for she derives her title from her husband, who held the land in common with Agnes.

After her dower is assigned to her in common, without metes and bounds, she must obtain her particular part by metes and bounds, or she can never enjoy it in severalty.

If she were to release her dower to the heirs of Henry Hook, then they and the heirs of Agnes might prefer a petition and have partition made without noticing her, or if the tenants in common should have partition without any release, and without noticing her, and she should acquiesce and agree with the heirs of Hook, I do not perceive any objection; but for the security of all parties an agreement in writing should be made by all of them.

The difficulty which presents itself on the present petition is, that as her dower has not been assigned she can make no entry, and does not hold the land and cannot be a party in the petition.

In Sussex county a similar case occured in 1820. Paul Waples held one-fourth of six hundred and eighty acres, and John Smith Waples held three-fourths, as tenants in common. John Smith Waples died intestate, leaving a widow and five children. A petition was presented to the Orphans' Court to assign to the widow of John Smith Waples her dower, without metes and bounds. This was done.

After confirmation of this assignment of dower, a decree for partition was made in chancery, and the share which the widow held as her dower was assigned to her by metes and bounds, as if she had been one of the tenants in common. This was the first case of the kind, and the only one until this petition of the Hook family. When Mr. Wells, who was counsel in the Waples case, brought the subject to my attention, I confess it was new to me; but on looking into the books and considering the reason of it, and that it came within the spirit of the Statute of 32 Hen. VIII, and of our own Acts of Assembly, I did not hesitate to give my sanction to that proceeding. But in the present case, the dower of the widow of Henry Hook, dec'd, not having been assigned, a partition cannot be decreed upon this petition.

The petition was dismissed.

At the next term of the Court a new petition was preferred for partition among the tenants in common under the will of John Hook, dec'd, in which James Hanson and Ann his wife, the widow of Henry Hook, dec'd, were not joined as parties. Upon this petition a decree was granted by the Chancellor, under which a partition was duly made and confirmed.