Doe d. Elizabeth Milbourn *v.* Enoch David, tenant in possession.

*Possession of Co-tenants—Ouster—Statute of Limitations.*

The possession of one tenant in common is the possession of his co-tenants, and is presumed to be with their consent, and in support of their common title; and the statute of limitations will not run against the co-tenants, until there is an actual ouster, or such acts as are equivalent thereto.

(*Kent, April 30, 1885.*)

Ejectment for interest of heir at law in dower land.

This ejectment is brought for one-third of the one-fourth of this tract of land, equal to one-twelfth. The land contains about two hundred acres and lies in Kenton hundred.

Originally it belonged to Samuel Patterson, who died in 1825, leaving a widow and four children.

Mary Patterson, the widow, to whom this land was assigned as dower in July, 1829, married Nathan Smith in 1827. Smith died in 1839, and about a year after, she married Enoch David, the defendant, and died 1855. She was step-mother to the Patterson children.

Thomas Patterson was the eldest son. He never married; went to sea, and roved about from place to place. Went to California and other places. Kept up some irregular correspondence with his family until 1853, since which time he has never been heard of.

Samuel Patterson, the second son, always resided in Kent county, and died in Smyrna in 1878, leaving a large family.

Mary Truax, the eldest daughter of Samuel Patterson is still living and resides in Smyrna, wife of James Truax.

Elizabeth Milbourn, the youngest child, was only 6 months old when her mother died. She was born August 30, 1822. She married Edward Milbourn, November 8, 1838. He died April 15, 1880.

*March 13, 1841, Edward Milbourn and his wife conveyed their interest in this land to Enoch David, defendant. And May 3, 1845, Samuel Patterson and Mary Truax conveyed their interest

---

*Note—This date on trial was admitted by both parties to be a mistake but does not enter into the controversy.

14

to the same. Thus Enoch David became the owner of the three-fourths of the whole in fee.

Enoch David was in the uninterrupted possession of said lands from the time he married Mary Patterson, then Mary Smith, in 1841.

The deposition of John D. Voshell taken on behalf of the defendant and returned to the court, and on which publication had passed, was offered in evidence and objected to by *Fulton* on the ground that his occupation was not stated in the notice given him by the other side of their intention to sue out the commission to take depositions, and for which reason he had declined to take any notice of it, or to file any cross interrogatories within ten days after receiving it.

*Wolcott*, for defendant : Voshell had no occupation at the time, and therefore none could be stated. But by the rule of court if that was a sufficient objection to exclude the deposition, there should have been exceptions taken to the issuing of the commission on that ground upon the other side in three days, and it could not now be excepted to on that ground.

*Fulton* replied, and contended to the contrary, and that the latter rule did not apply in such a case.

THE COURT held the deposition admissible in evidence, COMEGYS, C. J., dissenting.

*J. Alexander Fulton*, for plaintiff :

· A person who leaves his home or native place for a foreign country or another State, and remains absent and without being heard from for seven years, is presumed to be dead ; and, in such a case, his heirs at law may recover his real estate in an action of ejectment, in the same manner as if his death were proved.·

1 Gr. Ev., § 41, from beginning to end of second line, 53 ; 2 Gr. Ev., § 278, both sections in full ; *Crawford v. Elliott*, 1 Hous., 465, 2 Syl. and 2 clause of opinion, page 467 ; 29 A. L. J., 426.

The presumption of death does not arise until the *expiration* of seven years from the time the person was last heard from ; and if his death is asserted prior to that time, those asserting it must prove it ; but after the expiration of seven years from the time he

was last heard from, the law raises the presumption that he is dead, and those who assert that he is alive must prove it.

*Authorities,* supra.

If a man is single when he departs the presumption, in the absence of proof to the contrary, is that he continues so.

1 Gr. Ev., § 41 ; 2 Gr. Ev., § 355 ; 6 Ves., 557 ; 3 C. & P., 402.

If Thomas Patterson was alive at the date of the deed from Edward Milbourn and his wife, Elizabeth, the present plaintiff, to Enoch David the defendant, no part of his estate, nor any possible interest she might afterwards acquire therein, passed by that deed to the said defendant; and, on this branch of the case, she is entitled to recover.

2 Bouv. L. Dic. Tit., *Possibility,* pl. 4, 353 ; 5 Jac. L. Dic. Tit., Release, 440 ; 3 Jac. L. Dic. Tit., Grant, 194 · *Holland v. Jackson,* Bridgman R., 76 ; *Carleton v. Sir William Leighton,* 3 Mer., 667 : *Kean v. Roe,* 2 Har., 115.

That as Mrs. Milbourn was a married woman at the time of her brother's death, and until the 15th of April, 1880, when her husband died, the statute of limitations has no application in this suit, and she is not barred by lapse of time.

That the possession of one tenant in common is the possession of all, and enures to the benefit of all; and the tenant in actual possession can never plead the statute of limitation against his co-tenants without actual ouster, or such acts as are equivalent thereto.

*Fisher v. Prosser,* Cow., 217 ; *Revised Code,* Chap. 122, §3, 727 ; *Gage v. Smith,* 27 Ct., 70 ; *Miller v. Snoden,* 21 Me., 201 ; *Bank v. Green,* 35 Ark., 84.

*James L. Wolcott,* for defendant :

On the plea of the statute of limitations remarked that it was running against Thomas Patterson as to his share in the dower land by the death of the tenant in dower before his disappearance, and had been running against him some six years when the presumption of his death arose.

*1 Washb. on Real Estate,* Secs. 7, 8 ; *Cowp.,* 217 ; *Doe v. Crocker,* 3 *Allen,* 355, 354 ; *19 Texas,* 488 ; *10 S. & R.,* 182 ; *1 W. & S.,* 184 ; cited on what will constitute adverse possession by one tenant in common against another.

THE COURT, COMEGYS, C. J., charged the jury:

It is claimed that the statute began to run against Thomas Patterson on the death of his mother in 1852. Also that the plaintiff is barred by the adverse possession or holding of the defendant for twenty years and more. But in case of a tenancy in common, the possession of one tenant in common is the possession of his co-tenant, and is presumed to be with his consent. Lord Mansfield in *Fisher v. Prosser*, Cowp., 217, said: "Some ambiguity seems to have arisen from the term '*actual ouster*,' as if it meant some act accompanied by real force, and as if a turning out by the shoulders were necessary. But that is not so. A man may come in by a rightful possession, and yet hold over *adversely* without a title. If he does, such holding over, under circumstances, will be equivalent to an *actual ouster*. For instance, length of possession during a particular estate, as a term of one thousand years, or under a lease for lives, as long as the lives are in being, gives no title. But if tenant *pur autre vie* hold over for twenty years after the death of *cestuy que vie*, such holding over will in ejectment be a complete bar to the remainderman or reversioner; because it was *adverse* to his title. So in the case of tenants in common; the possession of one tenant in common, *eo nomine*, as tenant in common, can never bar his companion; because such possession is not adverse to the right of his companion, but in support of their common title; and by paying him his share, he acknowledges him co-tenant. Nor indeed is a *refusal* to *pay* of *itself* sufficient, *without* denying his *title*. But if, upon demand by the co-tenant of his moiety, the other *denies to pay*, and *denies his title*, saying he claims the whole and will not pay, and continues in possession; such possession is adverse and *ouster* enough." But the court cannot sanction the rulings in the cases cited by the counsel of the defendant from the *Penna. Reps.* The court therefore does not consider that the facts and circumstances proved in the case would warrant the court in leaving it to them to infer or presume from it that there had been an ouster of the plaintiff by the defendant from the possession of the premises, notwithstanding the length of time she had been out of any actual possession of it. A bare possession of twenty-nine years in such a case by the defendant is not sufficient for that purpose.

Verdict for plaintiff.