GEORGE P. KNIGHT,

*vs.*

WILLIAM K. KNIGHT.

*Kent, June* 6, 1914.

In order to create a right to partition of land, there must be a co-tenancy between two or more persons, holding under a title equivalent to a freehold, one of the essential features of which is possession.

A tenant in common cannot maintain a suit for involuntary partition, where he has been disseized by his co-tenant and is therefore not in possession; a subsisting adverse possession, irrespective of its duration, being a bar to partition.

Ejectment will lie by a tenant against his co-tenant.

As between tenants in common or joint tenants, proof of ouster of one of them by the other must be stronger than between strangers, because the possession of one is the possession of the other.

A defendant in a partition cause who denies the tenancy in common must allege the facts relied on to show his possession adverse to the other alleged co-tenant.

Where, in a suit for partition, it appeared that complainant was not in possession, and defendant's answer alleged that he was in actual possession, asserting exclusive ownership, such fact does not necessarily require dismissal, but the court may retain jurisdiction until complainant has had a reasonable time to establish his title at law, especially where the answer does not show the basis of defendant's claim of title, or his hostile possession, so as to show that there was a real controversy with reference to defendant's adverse possession, which could not be tried in a court of equity.

Petition by George P. Knight against William K. Knight for partition. Heard on petition and answer.

The facts are stated in the opinion.

*Arley B. Magee,* for the petitioner.
*Henry Ridgely,* for the respondent.

THE CHANCELLOR. The petitioner alleged a tenancy in common with the respondent of a tract of land containing about nineteen acres in Kent county, created under the residuary clause of the will of Elizabeth J. Knight, and a copy of her will is made a part of the petition. By the will, after disposing of certain property, the testatrix gave all the rest, residue and remainder of her estate to her two sons, the petitioner and respondent, respectively. By his answer the respondent alleged that the testatrix was seized of the nineteen-acre tract at the time of her death; denies that it was devised under the residuary clause; and asserts that since April 11, 1913, the date of the death of the testatrix, his mother, he has been in sole and exclusive possession of the land in his own right, claiming, holding and possessing the same as tenant in fee simple in severalty, and that the petitioner was not since the death of the testatrix in possession.

No other pleading was filed, and the case was argued by the solicitors for the parties. For the petitioner it was urged that the tract in question was not part of any of the tracts of land disposed of by the testatrix, and, therefore, it passed under the residuary clause. The respondent urged that it appeared from the pleadings that there was a controversy as to the title of the petitioner, and, therefore, the petitioner should be relegated to proceedings at law to establish his title.

It is true that the right to partition depends on a co-tenancy, and to constitute a co-tenancy two or more persons must together hold lands. This holding must be what is now equivalent to a freehold, one of the essential features of which is possession. Unless he has an estate in possession one cannot enforce an involuntary partition. *Freeman on Co-tenancy and Partition*, §446. There can be no partition by one tenant in common disseized by a co-tenant, *Ex parte Burgess*, 1 *Del. Ch.* 233, 238; and ejectment will lie by a tenant in common against a co-tenant. *Milbourn v. David*, 7 *Houst.* 209, 30 *Atl.* 971. A subsisting adverse possession existing at the time the action is commenced is a bar to the right to partition. *Clapp v. Bromagham*, 9 *Cow.* (*N. Y.*) 530; *Florence v. Hopkins*, 46 *N. Y.* 182; *Van Schuyver v. Mulford*, 59 *N. Y.* 426; *Jenkins v. Van Schaack*,

3 *Paige* (*N. Y.*) 242; *McMasters v. Carothers*, 1 *Pa. St.* 324; *Rich v. Bray*, 37 *Fed.* 273, 2 *L. R. A.* 225.

The matter is thus stated in *Florence v. Hopkins, supra:*

"To maintain an action for the partition of lands, the plaintiff must, at the time of the commencement of the action, have an actual or constructive possession, in common with the defendants, of the land sought to be partitioned. Where the premises are held adversely, the party out of possession cannot try the question of his title in this form of action. A subsisting adverse possession is an absolute bar to the action. It is intended for the partition of lands in the possession of part owners, and not for the recovery of the possession of premises held adversely. This was the rule of the common law. If one coparcener disseized another, during the disseizin, a writ of partition would not lie between them; and the reason was, that they did not hold together and undivided. *Co. Litt.* 167; 16 *Viner*, 225, '*Partition*,' 1."

It is also held in some of the decided cases that the duration of the adverse holding is not important, but it is sufficient to bar the remedy of partition if there be an ouster, or hostile possession, even for a short time. *McMasters v. Carothers*, 1 *Pa. St.* 324; *Florence v. Hopkins*, 46 *N. Y.* 182; *Clapp v. Bromagham*, 9 *Cow.* (*N. Y.*) 530.

In *Florence v. Hopkins, supra,* it was said by the court:

"The duration of an adverse possession is material, upon the trial of the question of title in an action to recover possession; but it cannot be material in determining where the possession was at the time of the commencement of the action."

As between persons who admittedly took title as tenants in common, or joint tenants, the proof of an ouster of one of them by the other must be stronger than between strangers, because the possession of one is the possession of the other. So, too, adverse possession and disseizin may not in all particulars be identical; still, their effect is the same for the purpose of terminating a possession held in common. *Florence v. Hopkins, supra.*

Applying these principles to the petition and answer, which are the pleadings in the cause, the petitioner is not entitled to maintain his petition for partition. In the absence of

a replication (and I do not see why one is not proper in partition causes under our statute), it is uncontradicted that the petitioner is not, and was not when the petition was filed, in possession, and on the contrary that the respondent was in actual possession, asserting exclusive ownership. This fact then, is taken to be true, as the matter now stands before the court. The respondent does not claim as one who has dis-. seized his co-tenant, for he denies that the petitioner acquired any title under the residuary clause of the will of Elizabeth J. Knight, under which the petitioner claims that a co-tenancy was created. Not only does the answer deny the title of the petitioner, but also his possession, and, therefore, as the record now stands, he is not entitled to a decree for partition.

It does not necessarily follow that the petition is to be dismissed, and for two reasons. The jurisdiction of the cause may be retained as pending until the petitioner has had a reasonable time within which to establish his title in an appropriate proceeding at law. Again, as a question of pleading, the answer does not appear sufficient to justify a dismissal. In all of the cases which I have examined, the character of the respondent's claim has either been proved, or at least averred with particularity. The answer of the respondent to a petition for partition should show the basis of the claim of title, or of hostile possession, in order that the court may determine whether there is a real controversy, and one that cannot be tried in this court, or under the order of this court. Here, there is a want of such particularity. It does not appear how the respondent claims title, or under what provision of the will of Elizabeth J. Knight he claims, and he must claim under it for admittedly she owned it at her death and either devised it specifically, or else it passed under the residuary clause. If, for instance, the right of the respondent depends on the construction of the will, then this court may decide the question raised by the answer, if there be no question of fact involved.

In the case of *Cooley v. Houston*, 229 *Pa. St.* 495, 502, 78 *Atl.* 1129, 1131, where there was in the answer simply a general allegation that the respondent held adversely to the petitioner, the court said:

"If the facts set up in the pleadings disclosed a dispute as to the title, the plaintiffs would be compelled, before they could demand partition, to establish their title in an action at law. The titles of the parties to land cannot be determined in a proceeding in partition. But to justify the suspension of the proceedings in partition on the ground that the defendant holds the land adversely to the plaintiffs, he must set up in his answer more than a mere denial of the tenancy in common. He must aver facts which if established in a common-law action will show that he is holding adversely to the claim of the plaintiffs."

If, without stepping beyond the well defined limits of the jurisdiction of this court, the controversy may be settled here, the court should exercise its powers to retain jurisdiction, rather than send the parties to controvert the issues by the archaic, cumbersome and fictitious processes of an ejectment suit at law. *In re Cochran's Estate, ante p.* 134, 85 *Atl.* 1070. But clearly, as the matter now stands on the record, there is no ground for the court to retain jurisdiction, the crucial fact upon which the petitioner's right to a partition depends being denied by the answer of the respondent.