ANNE B. SARDE, CAROLYN S. HOWELL and MARGARET S. GAIL,

*vs.*

SAMUEL S. SARDE.

*Kent, April* 21, 1920.

Pleadings in statutory proceeding in Orphans' Court for partition need not have the formality of common-law pleading, but must make a plain statement of facts showing the holding of the land and the shares therein, with such genealogical information and averments of transmutations of shares as will demonstrate allegations as to present ownership.

The common-law plea of *non tenent insimul* is not sufficiently informing.

It is not enough for answer in partition proceeding to allege that respondent held adversely to those who once were cotenants with him, but it must set forth the facts, so that court can say whether they constitute such possession.

EXCEPTION TO ANSWER IN PARTITION PROCEEDINGS.  A petition for partition represented that Robert Sarde died in 1883 seized of two parcels of land in Kent County and intestate, leaving as his heirs at law four children, to whom the land descended in equal shares under the intestate laws.  One of the children, and the only respondent, Samuel S. Sarde, filed an answer denying all the allegations of the petition as to No. 2.  By it he also specifically denied that any of the other children are or were at the filing of the petition in possession, actual or constructive, of the land; denied that they have any right, title, estate or interest in it or held the land with the petitioner, or any other person.  It is asserted that he is seized in severalty; is and was at the filing of the petition in exclusive possession; has been in sole and exclusive possession continuously for more than twenty years; and that during all that period held it as absolute owner thereof in his own right, and notoriously and adversely to the other children, and neither of the others was in possession by the act and entry of them.

To this answer the petitioners except because the allegations of the descent were not answered and it was not stated whether the petitioners did not at some time have possession, or state when the respondent came into exclusive possession.  Also because he had not set forth acts of ouster to deprive them of the right to claim constructive possession.

Argued before CURTIS, P. J., and BOYCE, J.

*James H. Hughes,* for the petitioners.

*Henry Ridgely,* for the respondent.

CURTIS, P. J., delivered the opinion of the Court:

The question raised is as to the sufficiency of the answer. In a statutory proceeding in the Orphans' Court for partition of land, the pleadings have not, and should not have, the formality and artificiality of common law pleading.  All that the present

statute contemplates is a plain statement of the facts showing the holding of the land and the shares therein, together with such genealogical information and averments of transmutations of shares as will demonstrate the allegations as to present ownership. A modification or denial of the facts by answer should be as full, clear and informing. The common law plea of *non tenent insimul* is not appropriate or desirable, because not sufficiently informing either to the Court or the parties. From such a plea the Court cannot ascertain whether the issue raised is triable by it or should be tried elsewhere, and the parties are not advised of the character of the adverse claim of the respondent. This was the view of the Chancellor as to the function and form of an answer at a time when the jurisdiction of partitions among tenants in common and joint tenants was in the Court of Chancery and of partition among parceners was in the Orphans' Court. In *Knight v. Knight*, 10 *Del. Ch.* 304, 89 *Atl.* 595, it was said:—

"The answer of the respondent to a petition for partition should show the basis of the claim of title, or of hostile possession, in order that the Court may determine whether there is a real controversy, and one that cannot be tried in this Court, or under the order of this Court."

This view is equally applicable now, since the jurisdiction of all partitions is in the Orphans' Court under a procedure adopted from that formerly provided by statute for partitions in Chancery. In other words, the proceedings for partition in the Orphans' Court being like those formerly in Chancery, the rule as to sufficiency of an answer applied in Chancery should now be applied in the Orphans' Court.

Does the answer here show the real character of the claim of title by the respondent? The insufficiency of the answer appears in several respects. There is a general admission of the allegations of the petition as to tract number one and a general denial of the allegation as to tract number two, with more specific allegations as to the character of the title claimed by the respondent. This general admission and denial leaves it uncertain whether the respondent admits or denies (1) that Robert Sarde died seized of number two; (2) or died intestate as to it; (3) or if intestate as to it and it descended to his four children as parceners, when and in what way the constructive possession of the respondent, one

of the parceners, was changed to an adverse possession. The Superior Court in *Millbourn v. David*, 7 *Houst.* 209, 30 *Atl.* 971, stated one instance of what would constitute adverse possession and ouster between tenants in common, which must be something more than bare possession.

As was said in *Cooley v. Houston*, 229 *Pa.* 495, 502, 78 *Atl.* 1129, 1131, it is not sufficient for the respondent to deny the tenancy in common. "He must aver facts which if established in a common law action will show that he is holding adversely to the claim of the plaintiffs." In other words, it was not sufficient to allege that he held adversely to those who at one time were his co-tenants, but must set forth the facts so that the Court can conclude that if he prove those facts the holding would be adverse. This is not pleading evidence, but facts from which a legal conclusion may be drawn by the Court. In the case under consideration the respondent framed his answer with the formality of a common law plea, such as is found in *Clapp v. Bromagham*, 9 *Cow.* (*N. Y.*) 530, cited by him. In that case such a plea might have been suitable, for it seemed to have statutory authority, and the proceeding was a common law action for partition; though even under that plea the 'defendant gave, as required, notice of special matter to be proved by him in connection therewith. A common law plea is too bare to be suitable for partition proceedings. The answer, is therefore objectionable for insufficiency for the reasons indicated above.

Until the defendant answers anew, it is not necessary to decide the further question discussed, viz. whether the issue raised in the cause should be tried in the Orphans' Court, or elsewhere.

The exceptions to the answer will be sustained and leave given to amend within fifteen days; and in default thereof a decree *pro confesso* may be entered.