HARRY H. SMITH and CORA C. SMITH, his wife,

*vs.*

EDWARD LEMP and LYDIA LEMP, his wife.

*Kent, January 3, 1949.*

*Max Terry,* for plaintiffs.

*Howard E. Lynch, Jr.,* for defendants.

HARRINGTON, Chancellor: The contract which the plaintiffs seek to compel the defendants to perform is dated

January thirty-first, 1948, and provides for the conveyance by the plaintiffs to the defendants of "a good and marketable title" to certain property at Willow Grove, in North Murderkill Hundred, Kent County, Delaware, said to contain about one acre of land, more or less. The sole question is whether the plaintiffs can convey more than an undivided three-fourths interest in a part of the property described in the contract.

In 1863, John Gooden, Jr., John Green, Thomas D. Cubbage and Latimer S. Hoops purchased the land in question at sheriff's sale, and the deed therefor described the property and stated that it contained about two acres of land, with a mill erected thereon. On July 27, 1864, John Gooden, Jr., together with his wife, Lydia, conveyed his one-fourth interest in the property, then said to cóntain about one and three-fourths acres of land in all, to James H. Boone; on January 13, 1866, James H. Boone, together with his wife, Margaretta, conveyed his one-fourth interest in the same property to J. Colby Smith; on September 15, 1883, Thomas D. Cubbage conveyed all of his interest in the property to J. Colby Smith; and on October 22, 1883, John Green, together with his wife, Jane A., also conveyed all of his interest in the same property to J. Colby Smith. All of these deeds were recorded in the office of the Recorder of Deeds, in Kent County, and purported to convey fee simple interests. John Colby Smith was in possession of the property until July of 1908, and had erected permanent improvements on it; but the evidence shows no conveyance or devise to him, or to any of the prior owners, of the one-fourth interest acquired by Latimer S. Hoops in 1863. By deed dated July 13, 1908, John Colby Smith and Mary J. Smith, his wife, purported to convey the entire interest in the property in dispute to their son, Harry H. Smith, for the stated consideration of $5,-500.00. That deed was duly recorded in the office of the Recorder of Deeds, at Dover. The undisputed evidence indicates that Harry H. Smith has been in possession of the

property, claiming to be the absolute owner ever since, or for more than thirty-nine years. During that period he erected permanent improvements on it for business purposes and paid all of the taxes assessed against it. Mr. Smith is over eighty years of age, has lived near the property all of his life, and had never heard of any possible outstanding one-fourth interest in Latimer S. Hoops, or in anyone claiming under him, until the record search was made by the defendants after the execution of their contract to purchase. The contract of sale described the land as "being part of the lands which passed to Harry H. Smith from the estate of his father, and also a piece of land conveyed unto Harry H. Smith by deed of Mary S. Dill, widow, and by heirs at law of John C. Dill." But the Dill property is not involved in this action.

The evidence indicates that John Colby Smith had a record title to only a three-fourths interest in the property when he conveyed it to Harry H. Smith in 1908. Harry H. Smith claims, however, that in any event he has long since acquired the one-fourth interest, originally owned by Latimer S. Hoops, by adverse possession and a presumed deed.

An ouster of one cotenant by another can, of course, be shown under some circumstances indicating a clear denial of the cotenant's rights. *Tiffany, Modern Law of Real Property,* 390; 1 *R.C.L.* 742; *Milbourn v. David,* 7 *Houst.* 209, 30 *A.* 971; *Foulke v. Bond,* 41 *N.J.L.* 527. But as "between persons who admittedly took title as tenants in common, or joint tenants, the proof of an ouster of one of them by the other must be stronger than between strangers * * *." See *Knight v. Knight,* 10 *Del. Ch.* 304, 89 *A.* 595; *Milbourn v. David, supra.* Since each cotenant is entitled to the possession of the property, the mere fact that one is in possession and the other is not "does not presumptively show an ouster," as would be the case between strangers. *Tiffany, Real Property, supra,* 389, 390; *Milbourn v. David, supra;* see also *Knight v. Knight, supra.*

In the *Milbourn* case the court said "the possession of one tenant in common is the possession of his co-tenant, and is presumed to be with his consent." Applying that principle, the court, therefore, held that no ouster of one cotenant by another would be presumed by the mere proof of possession for twenty-nine years.

But the position of Harry H. Smith is quite different. He took possession in 1908 under a deed purporting to convey the entire interest in the property and has been in open and notorious possession under a claim of right ever since.

An ouster of cotenants of the grantor will ordinarily be presumed when he conveys the entire property to a stranger who takes possession under the deed claiming sole ownership. *Tiffany, Real Property,* 390; 71 *A.L.R.* 444; *Lucas v. Crofoot,* 95 *Conn.* 619, 112 *A.* 165; *Commodore's Point Terminal Co. v. Hudnall, (D.C.)* 3 *F.* 2d 841. Under such circumstances, the presumption that the entry of one cotenant is for the benefit of all does not apply, and the open and notorious possession of Harry H. Smith is constructive notice of his claim. See *Foulke v. Bond, supra.*

While the contract of sale recites that the land in question "passed to Harry H. Smith from the estate of his father," the deed shows that John Colby Smith conveyed it to him for a stated consideration. After the hearing, by agreement a letter from Harry H. Smith to his solicitor was also incorporated in the record. It stated "When I bought the property I paid for it and paid the amount set out in the deed." But it seems unnecessary to determine whether the transaction was a purchase or a gift. *Su Lee v. Peck,* 49 *Nev.* 124, 240 *P.* 435. In either event Harry H. Smith took possession of the property under a deed purporting to convey the entire interest in it, and has remained in possession for more than thirty-nine years.

A decree compelling the defendants to perform their contract will be entered in accordance with this opinion.