**Helen HUSTON, a/k/a Helen J. Lambert, Plaintiff,**

v.

**Rodger G. LAMBERT, Defendant.**

Court of Chancery of Delaware, New Castle.

Sept. 1, 1971.

Sidney Balick of Aerenson, Balick & Balick, Wilmington, for plaintiff.

John A. Faraone, Wilmington, for defendant.

DUFFY, Chancellor:

In this action for partition of real property defendant has moved to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. Affidavits were filed and considered by the Court and, under Rule 12(b), Del.C.Ann., the motion is treated as one for summary judgment.

A.

The complaint alleges that the parties took title to property in Limestone Acres on November 5, 1965 as man and wife, although they had never married. Apparently, they lived together on the property until about October 20, 1970 and, during that time, plaintiff contributed her earnings to a joint bank account. There is a dispute of fact as to whether she contributed to the purchase of the property but, in view of the

legal argument made by defendant, I do not regard that as material to the decision on the motion. In October 1970 plaintiff removed herself and her belongings from the property because of "strained relations" with defendant. On March 17, 1971 she filed the complaint for partition.

Defendant bases his motion, as I understand it, on a legal hypothesis derived from the fact that plaintiff was not in physical possession of the property when the complaint was filed. He contends that plaintiff has been out of possession since October 20, 1970 and that his adverse possession creates a dispute as to title which must be settled at law before partition can be ordered by this Court.

### B.

■ It is horn book law, and seems to be conceded by defendant that by taking title as man and wife although not actually married, the parties took title as tenants in common. Loper v. Loper, 170 A. 804 (Del. Super.1934); 86 C.J.S. Tenancy in Common, § 7 (1954).

■ The law does not require that a co-tenant seeking partition be in actual physical possession of the property. Constructive possession by a petitioning co-tenant is presumed if there is non-adverse possession of the property by any other co-tenant. Milbourn v. David, 12 Del. 209, 30 A. 971 (1885). That is sufficient. And when persons admittedly take title as ten-

ants in common, proof of ouster of one of them by the other must be stronger than between strangers because the possession of one is the possession of the other. Knight v. Knight, 10 Del.Ch. 304, 89 A. 595 (1914). 4 Thompson on Real Property § 1811 (J. Grimes, repl. ed. 1961), states the principle as follows:

> "For possession of one tenant in common to amount to an ouster of his cotenants, there must be something to show a denial or repudiation of the other cotenants' rights, or possession will be deemed to be held in subordination to the other cotenants' rights."

■ Turning to the record it is apparent that defendant has not asserted a claim adverse to plaintiff's title or possession as a co-tenant. In his affidavit he states that she has not contributed to the purchase or maintenance of the property, but that is relevant and material only to her equity in it; and that issue may be determined in the partition proceeding. As to possession he states that plaintiff "gave up possession of and permanently removed herself and her belongings" from the property. I read that as saying, simply, that she moved out. And it implies a voluntary action on plaintiff's part rather than a disseisin by defendant or an act of possession by him hostile to plaintiff's title or right to possession. In any event, it does not amount to the showing of ouster required in a cotenancy relationship. Knight v. Knight, *supra*.[1]

Defendant's motion will be denied.

---

1. Defendant relies on Butler v. Butler, 377 Pa. 388, 105 A.2d 62 (1954), contending that the Pennsylvania court, on similar facts, found that a dispute as to title existed. The opinion does not describe the evidence offered at trial on the title issue, but I do not read the case as standing for the proposition that a mere lack of actual possession by a co-tenant is sufficient to raise a dispute as to title which must be settled at law. On the contrary, the Court's citation of authorities indicates that the co-tenants' possession was adverse, a fact not found in this record. The case stands only for the proposition that equity will not decide title where there is a genuine dispute.