In the Matter of THAT CERTAIN LOT AND PARCEL OF LAND RECORDED IN NAMES OF William H. CAMPHER and Helen C. Campher; Heirs of Helen C. Campher, Roberta Roberts, Ernest Potter and Unknown Heirs: Situate and Known as 832 Monroe Street, City of Wilmington, County of New Castle and State of Delaware, Tax Parcel No. 26–028.30–156.

Supreme Court of Delaware.

Submitted: Aug. 7, 1985.

Decided: Sept. 19, 1985.

---

———

William L. Garrett, Jr. and Thomas G. Hughes of O'Donnell and Hughes, P.A., Wilmington, for appellant, Dorothy D. Campher.

Before McNEILLY, HORSEY and CHRISTIE, JJ.

HORSEY, Justice:

In this uncontested proceeding, petitioner, Dorothy D. Campher, appeals an Order of the Court of Chancery denying her uncontested petition to quiet title to real estate in New Castle County.

 Petitioner raises *sua sponte* a threshold issue as to her standing to appeal of right the Court's denial of her motion for summary judgment. Recognizing that the denial of a motion for summary judgment generally results in an interlocutory order which is not appealable of right, *Haveg Corp. v. Guyer*, Del.Supr., 211 A.2d 910 (1965), petitioner argues that notwithstanding the form of the Order appealed, the Court's decision constituted a final judgment in substance, if not in form, and represented a final decision on the merits. We agree. *See Sterling Drug, Inc. v. City Bank Farmers Trust Co.*, Del.Supr., 154 A.2d 156, 160 (1959); *compare Laventhol, Krekstein, Horwath & Horwath v. Tuckman*, Del.Supr., 372 A.2d 168, 171 (1976) with *Baylis v. Wilmington Medical Center, Inc.*, Del.Supr., 477 A.2d 1051, 1059 (1984). Since the Order appealed is not an interlocutory order, the provisions of Rule 42(d) do not apply.

The determinative question presented is the quantum of proof required of a tenant in common in possession claiming to have acquired title by adverse possession over the interests of the tenant(s) in common out of possession who are unrepresented.

The dispute in this ex parte proceeding is not over the controlling legal principles but their application to the peculiar and perhaps unique facts of this case.

 Here, the interest of petitioner as the tenant in common in possession of her place of residence did not vest until the death of William H. Campher, her husband, the original tenant in possession in 1980. In contrast, the interests of the tenants in common out of possession, identified in part by class, vested in 1963 under the intestacy laws of Delaware upon the death intestate of the original co-tenant, Helen C. Campher. However, the deed of record creating the interests of the original co-tenants described them as husband and wife taking title as "tenants by the entireties" when, in fact, they were not legally married. As a consequence, and notwithstanding the title of record, William H. Campher and Helen C. Campher, though they held themselves out as husband and wife, held title by operation of law as tenants in common per moi and non per tout and not as joint tenants with right of survivorship, per tout and non per moi.

Helen C. Campher's possessory interest in the real estate ceased upon the parties' separation in or about 1961; and she appears to have lived out the remainder of her life at Delaware State Hospital in New Castle County, where she died, apparently intestate, in 1963. Neither then nor over the intervening 22 years have letters of administration been taken out upon her estate. As a consequence, a cloud on the title to the residence of Helen C. Campher has arisen which she seeks to resolve by the pending court petition filed in November, 1983.

Helen C. Campher's resulting tenancy in common interest with William H. Campher in the real estate passed on her death in 1963 to her statutory heirs at law living at the time of her death as defined under 12 *Del.C.* § 501, *et seq.* Dorothy D. Campher's 1983 petition names as adversary parties in interest: Roberta Roberts, Er-

nest Potter and unknown heirs. According to the admission records of Helen C. Campher at Delaware State Hospital, her nearest relatives then included (in addition to her purported husband, William H. Campher): a married sister, Roberta Roberts and Roberta Roberts' six unnamed children and a brother, Ernest Potter, all of Easton, Maryland. However, by the time of the commencement of these proceedings 20 years after the death of Helen C. Campher, petitioner was unable to locate any of the heirs of Helen C. Campher for purpose of giving notice of the pendancy of this action.[1]

In 1966, William H. Campher met petitioner and they· were married the same year but not until after William H. Campher, at petitioner's urging, had obtained a divorce from his first wife, Mary R. Campher. From this and other evidence, the Trial Court concluded that petitioner knew that Helen C. Campher was not William H. Campher's legal wife; and it may be inferred that a question existed as to whether Helen's interest passed by operation of law to William H. Campher on Helen's death in 1963.

The Trial Court also found William H. Campher to have misrepresented the facts in 1977 when he filed a Form 25–C upon the estate of Helen C. Campher. Therein, William H. Campher represented that he was the surviving joint tenant and only heir at law of his late wife, Helen C. Campher. The same year, petitioner and William H. Campher also executed a mortgage on the property, in which he represented that he had become the sole owner of the real estate upon the death of his former wife, Helen C. Campher.

From 1963 to 1966 the property was occupied by William H. Campher; and from 1966 until 1980 the property was occupied by William H. Campher and petitioner, his wife; and since the death of William H. Campher on May 10, 1980, the property has been occupied by petitioner alone.

On the foregoing as well as other evidence not necessary to recite, the Court found the possession of the property by petitioner's deceased husband and by petitioner to be "sufficiently open and hostile to constitute adverse possession as against a stranger" but not sufficient to support a finding of ouster as to Helen C. Campher's heirs.

As to ouster, the Court concluded that the record title to the property would not put the heirs on *constructive* notice that the property was being occupied openly and hostilely to them simply because "they had no knowledge of their ownership interest." Further, as late as 1977, William H. Campher represented that he was the sole owner of the property, by virtue of his being the surviving joint tenant. Hence, the Court found the evidence less than persuasive that William H. Campher had occupied hostily and adversely to the interests of the heirs of his deceased co-tenant, with the intent of accomplishing their ouster. Moreover, the Court found no evidence of *actual* notice by the tenant in possession to the tenants out of possession that William H. Campher or petitioner were occupying adversely to their interests.

Petitioner asserts three grounds of reversible error: (1) that the Court committed legal error in ruling that petitioner was required to show proof of ouster of the deceased co-tenant's heirs at law to take title by adverse possession; (2) that even if proof of ouster were required, the record permits no other conclusion than that the successive tenants in possession were holding adversely to the tenants out of possession; and (3) that absent evidence of misrepresentation or deceit by William H. Campher, the Court erred in "estopping [his] period of exclusive possession" from being included with petitioner's to establish the required 20 years of open and adverse possession. We find no merit to petitioner's appeal.

---

**1.** Petitioner appears to have confined her "search" for the missing heirs of Helen C. Campher to the local current telephone directory in Easton, Maryland.

There is no dispute that William H. Campher and Helen C. Campher held title to the property by operation of law as tenants in common and not as tenants by the entireties or as joint tenants with right of survivorship. It is also undisputed that the possession of one co-tenant in common runs for the benefit of all other tenants in common. *Milbourn v. David,* Del.Super., 30 A. 971 (1885), stating:

> But in case of a tenancy in common, the possession of one tenant in common is the possession of his co-tenant, and is presumed to be with his consent ... the possession of one tenant in common, eo nomine, as tenant in common, can never bar his companion, because such possession is not adverse to the rights of his companion, but in support of their common title ... A bare possession of 29 years in such a case by the defendant is not sufficient....

30 A. at 971.

Thus, a presumption exists that a co-tenant out of possession is in constructive possession, subject to being rebutted by proof that the tenant in possession is holding adversely to the tenant out of possession. *Huston v. Lambert,* Del.Ch., 281 A.2d 511 (1971); 4 Tiffany, *Law of Real Property* § 1185 (3d. Ed., 1975). Hence, while the property interests of a co-tenant out of possession may be extinguished through a claim of adverse possession asserted by a tenant in possession, the evidence establishing adverse possession or ouster as between tenants in common "must be stronger than between strangers because the possession of one is the possession of the other." *Huston v. Lambert, supra* at 512. As stated in *Smith v. Lemp,* Del.Ch., 63 A.2d 169, 170 (1949), "[T]he mere fact that one [co-tenant] is in possession and the other is not does not presumptively show an ouster, as would be the case between strangers."

There is no merit to petitioner's contention that the Court committed legal error. The Court did not hold that absent proof of ouster, petitioner's claim to title by adverse possession fails. Rather, the Court found no evidence of ouster of the co-tenants out of possession to have been produced; *and* absent evidence of their knowledge of their ownership interest, the co-tenants out of possession "could not have had notice of any ouster." Thus, the Court explicitly recognized that notice, actual or constructive, of occupancy open and hostile to the tenants out of possession was sufficient to commence the running of the required 20 years for adverse possession to ripen into title. 10 *Del.C.* § 7901.[2]

Petitioner's second ground of error raises a factual issue as to the sufficiency of the evidence of ouster to establish adverse possession by the co-tenant in possession against the heirs of the deceased tenant out of possession. For a co-tenant in possession to prevail upon a claim of adverse possession against a co-tenant out of possession it is necessary for a petitioner to establish: (1) intent; (2) adverse possession in fact; and (3) knowledge or notice of the adverse holding. *See* Annot., 82 A.L.R.2d 5 (1979). Clearly there is sufficient evidence to support the Trial Court's findings of fact and inferences on an ex parte record in an uncontested hearing that petitioner has not met her burden of proof necessary to rebut the presumption that the tenant in possession was not holding adversely to the heirs of the deceased tenant out of possession. Finally, the inaction, if not misrepresentation, of petitioner's predecessor in interest, as well as petitioner, in undertaking to remove the cloud on the title of this real estate, properly justified the Trial Court's conclusion that petitioner's claim should be rejected on the record before the Court.

\* \* \*

Affirmed.

---

2. 10 *Del.C.* § 7901 states:
No person shall make an entry into any lands, tenements, or hereditaments, but within 20 years after his right or title to the same first descended or accrued.