# Appeal of Richard and W. L. Wistar.

1. Where the title of all the parties is set out in a petition to the Orphans' Court for a partition, and it appears therein that any dispute respecting it has been adjudicated, and in consequence the tenants in common are in joint possession, the mere denial of the tenancy and right of partition is not enough to require the court to suspend proceedings. They must point out some defect in the petition, or aver their own title or adverse possession to justify the court to refuse to proceed in the partition.

2. An appeal from the decree of the Orphans' Court awarding an inquest in partition does not lie.

January 19th, 1887.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.   CLARK, J., absent.

APPEAL from the Orphans' Court of *Philadelphia county:* Of July Term, 1886, No. 198.

Appeal of Richard Wistar and William Lewis Wistar from the decree of said court, confirming an inquisition in partition and ordering the real estate of Richard Wistar, deceased, to be sold unless the parties in interest accepted them at the appraised value.

This was a petition to the Orphans' Court by Lewis A. Scott, guardian and next friend of Alexander H. Scott, a minor, John M. Scott and Lewis A. Scott, Jr., for partition of certain real estate of Richard Wistar, deceased.

The following are the facts of the case as they appeared in the court below before HANNA, P. J.

The said decedent, Richard Wistar, died testate seized of the real estate which is the subject of the partition.   His will, dated February 24th, 1816, was duly probated, June 25th, 1821, in the register's office at Philadelphia, whereby he devised said premises in the words following:

"*Item.* I do hereby give and devise unto my said daughters, Catharine and Sarah, all that, my lot or piece of land called Prospect Hill, containing about six acres and a half, and all the buildings and improvements thereon, being the same premises which I purchased of George Clymer in Penn township, on Poplar Lane, bounded by ground of George Roberts, the Widow Masters and Edward Bonsall, together with the appur-

5 AMERMAN—16

tenances, to hold to them for and during all the term of their natural lives and the life of the survivor of them; and from and immediately after the decease of the survivor of them, I give the same unto the male issue then living of my said son, Richard, their or his heirs and assigns in fee."

Catharine Wistar, one of testator's daughters, died, leaving her sister, Sarah Wistar, surviving. The said Sarah (the survivor of the life tenants) died September 21st, 1866.

At the death of said Sarah Wistar, there were living six persons who were male issue or lineal descendants of the testator's son Richard, namely:—

Richard Wistar, William Lewis Wistar (the two appellants), sons, and John M. Scott, Lewis A. Scott, Jr., Alexander H. Scott and Richard W. Hopkinson, grandsons of said testator's son Richard, in whom the same vested in possession on the death of said Sarah Wistar in equal undivided sixth parts or shares.

Richard W. Hopkinson's one sixth or share, by reason of his subsequent death intestate and without issue, had become vested in his mother, the said Sarah W. Gillilan, one of the appellees.

The appellants in this case refused to recognize any share or interest in said real estate as vested by the provisions of the aforesaid will in the four grandsons above named, and claimed that they (being the two sons of Richard) alone took the property under the will.

The title of the grandsons was determined in two separate ejectments; one at the suit of the three Scotts, who recovered three sixths, or one half, in the court below, and the judgment in their favor was affirmed: Wistar *v.* Scott, 105 Pa., 200; the other ejectment was by said Sarah W. Gillilan, who recovered one sixth as the heir-at-law of her son, Richard W. Hopkinson, deceased, and the judgment in her favor was afterwards affirmed in the case of Wistar *v.* Gillilan, of January Term, 1885, No. 394.

The plaintiffs, in each of these ejectments, were put into actual possession of the portions they recovered by writs of *habere facias possessionem,* duly executed by the sheriff and so returned of record, and continued in such possession at the time of the institution of these proceedings, and still hold such possession.

The petition set forth substantially the above facts. Richard Wistar and William Lewis Wistar, the appellants, filed the following plea to this petition.

Richard Wistar and William Lewis Wistar, served with a citation in the above matter, come into court, and, for a plea to said petition, say:

That they deny that the said petitioners are tenants in common with these respondents of the premises in said petition mentioned, or any part thereof, and these respondents deny the right of the said petitioners to said property or any portion thereof, or to have partition made of said property, or of any part thereof, as prayed for in said petition. These respondents claiming to hold the real estate in said petition described, not already by them conveyed, to the exclusion of the petitioners.

The court overruled the plea for insufficiency, and treated it as an answer. After hearing, the inquest of partition was awarded. From this the appellants appealed to the Supreme Court. It was executed and return duly made, which was confirmed, and a citation on the parties in interest to accept or refuse at the appraised price on the real estate to be sold was issued. The parties in interest not appearing in response to said citation, an order for the sale of said real estate was made. Whereupon the appellants took this appeal assigning for error the action of the court in overruling their plea in awarding the inquest, and confirming the report of the same, and in proceeding with the partition pending their appeal from the order awarding it, and in making the order of sale.

*F. Carroll Brewster* and *William Gorman*, for the appellants. —The court below has seen proper, without trial of the disputed questions of fact, to award an inquest. The right of the petitioner to demand partition should have been first established.

The appellants chose to deny the petitioners' right and title by filing a plea containing averments to that effect. That they had the right to do this without going into the particulars of their case by an answer is undoubted: Wilkin *v.* Wilkin, 1 Johns. Chan., 111; The Chancellor (p. 117).

The court, however, does not sustain a bill of partition, unless the title be clear; and, in the case of the Bishop of Ely *v.* Kenrick (Bunbury, 322), the bill for partition was dismissed because the title was denied: Lewis *v.* Pratt, 2 Wharton, 81.

If one coparcener, says Lord Coke, disseise another, during this disseisin a writ of partition does not lie between them, because they do not hold together and undivided: Co. Litt., 167 a; Clapp *v.* Brohmagham (9 Cowen, 530) is to the same effect.

In equity, a commission to make partition will not be granted where the defendant denies the plaintiff's right; but the Chancellor will send him to law to make out his title: Allnatt on Partition, 100, 101, 4 Kent's Com., 364–65; Wilkins *v.* Wilkins, 1 Johns. Chan., 111, 4 Randolph, 493.

An adverse holding, by one tenant in common, for any length

of time, however short, previously to the institution of an action of partition, will bar a recovery in such form of action: Law *v.* Patterson, 1 Watts & Serg., 184; Culler *v.* Motzer, 13 S. & R., 356; McMartin *v.* Carothers, 1 Barr, 325.

*Joseph B. Townsend* and *J. Howard Gendell* (*John M. Scott* with them), for appellees.—The appellant's plea was not stricken off. If it had been, this action would have been proper. Rule X of the Orphans' Court provides only for answers, and a plea is not there recorded.

This is not a common law action of partition, and there is no warrant for so treating it.

The course of proceeding in the Orphans' Court is according to the rules and practice in equity. To use the language of SHARSWOOD, J., in Bayley's Appeal, 60 Pa. St., 360, the Orphans' Court "has always been considered as a Court of Equity."

Now the essential feature of equity is that it appeals to the conscience of the parties litigant. Answers are therefore required to be made upon oath and are to be circumstantial in their denials of the specific allegations of the bill so far as the knowledge, information or belief of the respondents will enable them to answer: Daniell's Chan. Prac., 726.

Now the authority of the Orphans' Court to make partition is higher than that of a Court of Chancery. That court is for the decision of questions of equity and, where purely legal questions arise, it will send the parties to law and retain the bill in the meanwhile; but, the right to make partition in the Orphans' Court being given by statute, the right to determine all preliminary questions is likewise given.

This was elaborately proved by the Orphans' Court in Davis's Estate, 9 W. N. C., 380. Subsequently that court decided the questions of .title, Id., 479, and the partition was awarded. The case was appealed, and this court affirmed the decisions of the court below; Kiegel's Ap., 12 W. N. C., 179.

It was also decided by the Orphans' Court of Lackawanna county, in Smith's Estate, 2 Del. Co. R., 423. The court says:

"It was further objected orally at the argument that proceedings in ejectment had been instituted against the executors for a portion of the land brought into this partition. This is not sufficient to arrest partition. It is adverse possession which will defeat it, not simply an adverse claim. On every partition there is an implied warranty of title, that, if either of the parties be evicted from his purpart, he is remitted to his original rights: Strohecker *v.* Housel, 3 Clark, 379; Feather *v.* Strohecker, 3 P. & W., 505. If, therefore, the portion of

this estate, brought in question by the action of ejectment referred to should be allotted to either of the parties to this partition, and the ejectment should go against such party, he would be abundantly protected.

But, even in chancery, a mere claim to hold adversely is not sufficient; there must be more than a mere denial of complainant's title without fair or sufficient ground.

The rule is well laid down in Freeman on Partition, Sec. 425, as follows:

Where it appears to the court that the plaintiff's title is questionable, equity will not interpose in his behalf, but will leave him to his legal remedy. If his Lordship intended to assert that, in the absence of suspicious circumstances tending to involve the plaintiff's title in doubt, a Court of Equity might at its discretion refuse to act, he is clearly overruled by the more recent decisions. It is now certain that, unless, when the titles of the respective parties are spread before a Court of Equity, it can see that there are legal objections to the complainant's title, he can demand as a matter of right that it proceed with a partition: Eisman's Est., 8 Lan. Bar., 169; Church's Appeal, 17 W. N. C., 547; Smith v. Smith, 10 Paige, 473; Lucas v. King, 2 Stockt. (N. J. Equity), 280; Wiseley v. Findlay, 3 Rand., 365.

No appeal lies from the award of the inquest: Gessell's Appeal, 3 Norris, 238; Christy & Burk's Appeal, 43 Leg. Out., 251; Robinson v. Glancy, 19 P. F. S., 89.

Mr. Justice TRUNKEY delivered the opinion of the court March 28th, 1887.

The petitioners set forth their title, the names and interest of the tenants in common, and the adjudication resulting in the possession by each tenant of his undivided interest in the land embraced in the partition. Upon the answer of Supplee, the lot in his possession, which he claims adversely to the petitioners, was excluded.

The appellants filed a plea denying that they are tenants in common with petitioners, denying the right of the petitioners to any portion of the land, or to have partition thereof; and they claim to hold the real estate exclusive of the partitioners. This plea is unsupported by averment of any fact at variance with the averments in the petition. It avoids denial that the petitioners are in possession with themselves; it merely asserts their claim. The validity of the will, under which all the parties claim, is unquestioned; the dispute between them was about its construction. In the ejectment against the appellants, the title was adjudicated, and, in execution of that judgment, the petitioners were put in possession by the sheriff.

Where the title of all parties is set out in the petition, and it appears therein that the dispute respecting it has been adjudicated, and in consequence the tenants in common are in joint possession, the mere denial of the tenancy and right of partition is not enough to require the court to suspend proceedings until another trial of the right of some of the parties to take under the will. Such denial is not persuasive that there is a real dispute. Not having denied the facts averred in the petition for the purpose of awarding the inquest, they are taken as admitted by the appellants. They presented nothing to enable the court to see that they had title to the land, or had adverse possession; a claim to hold the real estate exclusive of the petitioners shows neither title to the whole, nor possession in themselves. They must point out some defect in the petition or aver their own title or adverse possession to justify the court to refuse to proceed in the partition.

The ruling of the Orphans' Court is not inconsistent with the cases cited by the appellants, namely: Lewis *v.* Pratt, 2 Whar., 81; Law *v.* Patterson, 1 W. & S., 184; and McMasters *v.* Carothers, 1 Pa., 324. In the first, Lewis averred that the decedent devised the land to him, and that he was seized and had actual possession of said land under the devise, and held the same by virtue thereof. He not only had adverse possession, but *prima facie* a good title, for the court held that the issue which had been tried only settled that the decedent died intestate as to his personalty. Both title and adverse possession were properly averred in the answer. It clearly appeared in Law *v.* Patterson, that Law had adverse possession under claim of title. And, in McMasters *v.* Carothers, a part of the land was in the adverse and exclusive possession of Chalfant. Here the facts are different.

The second assignment alleges error in striking off the plea. But the plea was not struck off. The court remarked its defects, and treated it as an answer, for the reason that the rules did not permit filing a plea,—overruling it for insufficiency.

The third assignment is to alleged error in proceeding, pending the appeal from the award of inquest. It is denied by the appellees that an appeal was entered from that decree. It matters not if there was, for appeal from a decree awarding an inquest does not lie, and the court was not bound to stay partition because of the entry of an unauthorized appeal.

Decree affirmed, and appeal dismissed at the costs of appellants.