## Artz's Estate.

*Decedents' estates—Widow's exemption—Election to take real estate—Dispute as to husband's title—Jurisdiction—Orphans' Court.*

Where, on exceptions to the appraisement of real estate elected to be taken by a widow for her exemption, it appears that the land in question is in the possession of another claiming to hold adversely, the confirmation of the appraisement will be refused, inasmuch as an adverse holding by one claiming title for any length of time, however short, raises an issue of fact which ousts the jurisdiction of the Orphans' Court.

Exceptions to appraisement. O. C. Schuylkill Co.

*James B. Reilly* and *H. O. Haag,* for exceptants.

*R. S. & Ralph Bashore,* for petitioner.

WILHELM, P. J., Sept. 11, 1922.—Jennie B. Artz, widow of James M. Artz, deceased, filed her petition, setting forth that James M. Artz died on July 16, 1918, intestate and without issue, leaving to survive him his widow and collateral heirs; that James M. Artz died seized of personal property amounting to $140, and the balance of her widow's exemption she elected to take out of real estate described in the petition. The prayer of the petition was that the court appoint two appraisers for the purpose of appraising the real estate which Jennie B. Artz desires to choose under the provisions of the Intestate Act and Fiduciary Act of 1917.

On Sept. 12, 1921, the court appointed appraisers to appraise and set apart for the said Jennie B. Artz, widow of James M. Artz, deceased, property to the value of $500, elected to be retained by her out of said decedent's estate as her widow's exemption in accordance with the Fiduciary Act of 1917, and also to appraise and set apart for the said Jennie B. Artz, widow, property to the value of $5000, elected to be retained by her out of said decedent's estate in accordance with the Intestate Act of 1917.

The appraisers, after being duly sworn, valued and appraised purpart No. 1, described in the petition, at $1500; purpart No. 2 at $250, and awarded said real estate to the said Jennie B. Artz, and on Sept. 26, 1921, the court directed the appraisement to be filed.

On Nov. 14, 1921, Jacob Henry filed exceptions to the appraisement of the real estate, claiming that he had legal title to, and is the owner of, an undivided interest in the real estate, and recited in said exceptions the facts upon which he relied in order to establish his interest in said real estate, and asserting that the court is without jurisdiction to set aside the real estate to Jennie B. Artz. The exceptions further point out the fact that it is no where asserted in the petition of Jennie B. Artz that James M. Artz died seized of any real estate.

Testimony was taken in support of the exceptions, and it was established that Jacob Henry, the exceptant, has been, and is now, in possession of the real estate here in dispute for a period of twelve years. Jennie B. Artz attempted to establish paper title of James M. Artz to the real estate by offering in evidence a deed from Sarah Williamson to Elizabeth Artz and her children begotten by John B. Artz, and proving that James M. Artz was the son of Elizabeth Artz and John B. Artz. It may be said, in passing, that Jacob Henry was a son of Elizabeth Artz, born before her marriage to John B. Artz.

Under the facts as we have them in this record, it appears that a substantial dispute has arisen as to the title of this real estate which cannot be adjudicated in this court. When it appears by the record that the intestate did

Artz's Estate.

not die seized, but that the premises are in the possession of another claiming to hold adversely, it is the duty of the Orphans' Court to refuse the prayer of the petitioner, for an adverse holding by one claiming title for any length of time, however short, raises an issue of fact which ousts the jurisdiction of the Orphans' Court: McMasters v. Carothers, 1 Pa. 324.

Neither party has asked that an issue be framed and certified to the Court of Common Pleas to try the disputable questions by jury. On account of the defects alleged in the petition, which may or may not be important, this court should not assume the responsibility of directing that an issue be framed, if that should be the proper practice. Under the facts as we have them, it seems to be our clear duty to decline the confirmation of the appraisement, leaving the matter open, so that either party may take such further proceeding as to them seems proper.

Confirmation of the appraisement is refused.

From M. M. Burke, Shenandoah, Pa.