## Michalak Estate.

Argued March 29, 1954. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*William J. Krzton,* with him *Esler W. Hays,* for appellant.

*William F. Donatelli,* with him *Wayne Donahue,* for appellees.

OPINION BY MR. JUSTICE JONES, May 24, 1954:

This is an appeal from a decree of partition awarded by the Orphans' Court of Allegheny County in an exercise of its jurisdiction under the Act of June 7, 1917, P. L. 337, 20 PS §1181. The petitioners, Kreszentia (also known as Zenta) Michalak and her daughter, Josephine Michalak, a minor (acting by her guardian),

are the heirs at law of Joseph G. Michalak who died intestate on December 5, 1950. The respondent and present appellant is Joseph's mother, Josephine Michalak, a widow.

The real estate involved consists of forty acres of farm land in Allegheny County improved with two small dwellings. The legal title to the property is in Joseph G. Michalak (now deceased) and his mother by virtue of a general warranty deed dated February 21, 1949, from the mother to Joseph and herself. The deed is of record in the Recorder's office of Allegheny County. It recited a consideration of $1.00 and bore 55¢ worth of documentary stamps marked "Cancelled". The dwellings were occupied by tenants from whom the mother collected rents from the date of her son's death. She also paid taxes on the property. In addition to the partition awarded, the respondent was directed to account for the rents received by her following her son's death subject to whatever credits she was entitled to on account of the taxes paid by her.

It is the appellant's contention that Joseph was a constructive trustee for her use of an undivided one-half interest in the deeded property. In support of this contention, Mrs. Michalak alleges that Joseph stood in a confidential relation to her and that he abused the confidence by obtaining from her without consideration the deed for the farm to himself and her as tenants in common.

If the appellant's claim to her deceased son's record title raised substantial issues of fact, a partition proceeding would not, of course, be an appropriate action for the resolution of such issues. As Mr. Justice STEARNE recently stated in *Yarnall Estate,* 376 Pa. 582, 587, 103 A. 2d 753,—"It is a well established principle that a partition proceeding is not a proper remedy in which to settle a disputed title. Ejectment

is the appropriate form of action: *Leahey v. O'Connor,* 281 Pa. 488, 495, 127 A. 65." But, as was also recognized in *Yarnall Estate,* in order to oust a court's jurisdiction in partition because of a dispute of title, the dispute must be one *in fact* and not one which is merely asserted. Where an adverse title is pleaded in defense to a partition proceeding, it is the duty of the court to determine whether the dispute involves an issue of fact calling for the interposition of a jury. If it does not, the court is free to pursue its jurisdiction in partition: see *Becker Estate,* 352 Pa. 452, 455, 43 A. 2d 4.

All that Mrs. Michalak asserts, either in her answer or under the evidence concerning her allegation of a confidential relation between Joseph and herself, is their natural relationship of mother and son which, of itself, is insufficient as a matter of law to establish a relation of confidence. In *Null's Estate,* 302 Pa. 64, 68, 153 A. 137, it was said that "The mere existence of kinship does not, of itself, give rise to confidential relation." In that case a relation of confidence was held not to have existed where a son who transacted business for his elderly mother had obtained from her valuable gifts by way of promissory notes which he later enforced against her estate. In *Leedom v. Palmer,* 274 Pa. 22, 26, 117 A. 410, after stating that "The mere existence of kinship does not, of itself, give rise to confidential relation such as would impose the burden of proof on the one receiving a gift to assert its validity", we observed that, "A child may take a gift from a parent without being required to furnish explanatory testimony [citing cases]." Such being the controlling law, the court would not have been warranted in submitting to a jury whether Joseph stood in a confidential relation to his mother, there being a want of any testimony of relationship other than kinship.

Nor is there any evidence that would warrant a jury's finding that Joseph unduly influenced or over-reached his mother in connection with her execution and delivery of the deed for the farm to him and herself. The uncontradicted evidence is that both parties had had explained to them by the family attorney the full legal significance of the transaction; that both understood it and were free to act in accordance with their respective desires; and that not only was no undue influence practiced upon the mother but she acted under advice of competent and reputable counsel. The same can be said for the respondent's allegation that there was a failure of consideration for her deed of the farm to Joseph and herself. As the hearing judge correctly concluded, the proof offered in this connection was neither clear, precise nor indubitable and, therefore, failed to meet the legal requirements in the circumstances. Likewise the evidence was insufficient to support the respondent's allegation that Joseph was to assume payment of a mortgage on the farm. The attorney for Mrs. Michalak in the deed transaction testified that she had said that the mortgage was to be paid from the proceeds of an insurance policy on the life of her husband who had died a few months earlier.

The respondent's other claims against Joseph assume the validity of his title and are asserted merely as possible charges against his interest in the farm. We find no error in the lower court's disallowance of those claims because of an absence of credible proof.

The parties and their interests in the real estate to be partitioned have been correctly determined and adjudicated by the decree under review. The estate created by the mother's deed of the farm to herself and her son was by its express terms a tenancy in common. Joseph, being so seised and dying intestate, his wife, Kreszentia, became entitled to one-half and his minor

child to the other half, of his one-half interest in the farm. His mother, Josephine Michalak, is, as already appears, the owner of the remaining one-half interest. The decree is affirmed at the appellant's costs.