## Butler, Appellant, *v.* Butler.

Argued March 22, 1954. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*Harold Kaminsky*, with him *S. H. Reichman*, for appellant.

*Taylor B. Coffroth*, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 24, 1954:

May a disputed legal title to real estate be settled in a partition proceeding? The learned court below without considering this question ruled upon such a title. An appeal upon the merits is now before us.

Fay L. Butler, the plaintiff, instituted an action of partition in equity against Frank C. Butler, defendant, who was her divorced husband. The parties were married on July 31, 1936 and lived together until March, 1944 when plaintiff left defendant charging him with abuse and ill treatment. The wife instituted an action in divorce in April, 1946. In September, 1946 the parties resumed cohabitation and thereafter lived together as man and wife until about April, 1948. In October, 1946, while still cohabiting, a decree of absolute divorce was entered in favor of plaintiff and against defendant. On August 16, 1947, the plaintiff and defendant, although divorced, accepted and recorded a deed conveying to "Frank C. Butler [defend-

ant] and Fay L. Butler [plaintiff], husband and wife", the premises in question, 719 Main Street, in the Township of Paint, County of Somerset. On the same day the parties executed and delivered "as husband and wife" a mortgage to a bank, which was duly recorded, the proceeds of which were used in the purchase of the real estate. The plaintiff removed from the premises on March 19, 1948, leaving defendant in exclusive possession, where he still remains. On May 25, 1951, plaintiff instituted the present action in partition which defendant contests. The court below ruled that the court in equity had jurisdiction over the parties and subject matter. It decreed that the defendant-husband was the owner in fee of the real estate and dismissed the complaint in partition.

It is a well established fundamental principle that a partition proceeding, whether at law, in equity or in the orphans' court, is not a proper remedy to settle a disputed title to real estate. Ejectment is the appropriate form of action: *Yarnall Estate*, 376 Pa. 582, 103 A. 2d 753. In that case we cited *Leahey v. O'Connor*, 281 Pa. 488, 127 A. 65, where it is said (p. 495) : ". . . [The cross bill] shows that defendant is in sole possession of the real estate in question and that she claims absolute legal title against plaintiffs and all others, thus imparting an element of controversy which ordinarily has no place in a proceeding for partition (Lewis v. Pratt, 2 Wh. 80, 81, 82, 90, 91; Law v. Patterson, 1 W. & S. 184, 193; McMasters v. Carothers, 1 Pa. 324; Bigley v. Jones, 114 Pa. 510, 519; Wister's App., 115 Pa. 241, 246)." The fact that ejectment might lie to settle title to real estate does not *necessarily* oust the jurisdiction of equity. In *Sears v. Scranton Trust Company*, 228 Pa. 126, 77 A. 423, Justice MOSCHZISKER (later Chief Justice), said (p. 136) : ". . . Whatever may be the prayer of a bill, if the kernel

of the controversy is the legal title to land, then equity cannot be invoked; but where the question of the legal title is incidental and subordinate to other elements which call for the exercise of equitable remedies, equity will take and retain jurisdiction: [citing cases]." In the present litigation the question of title was the exclusive issue.

"Where the title [to real estate] relied on is a legal one and is disputed or doubtful, a court vested with equitable jurisdiction will not, in the absence of statutory authority, decree partition until the title has been settled in an action at law": 68 C. J. S. Partition sec. 39. See also 4 Pomeroy's Equity Jurisprudence (Fifth edition), sec. 1388, p. 1016. Ejectment is the appropriate remedy to recover an undivided interest in land where one co-owner has ousted another from the common estate: *McMahan v. McMahan,* 13 Pa. 376, 382, 383; *Mary Ann Long's Appeal,* 92 Pa. 171; *The Enterprise Oil and Gas Company v. National Transit Company,* 172 Pa. 421, 426, 33 A. 687; *Kyle v. Hibbs,* 281 Pa. 102, 126 A. 248.

Counsel cite *Maxwell v. Saylor,* 359 Pa. 94, 58 A. 2d 355, which was an action in equity for partition where title was in dispute and was settled in that proceeding. However, an examination of the record discloses that the question of procedure and jurisdiction here involved was not raised by the assignments of error and was not drawn to the court's attention. In any event any inferences to the contrary were settled by *Yarnall Estate,* supra.

The decree of the court is reversed and the record remanded to the court below to retain control until the title to the real estate is settled in a proceeding at law, upon the final determination of which said court below will make an appropriate decree. Costs to abide the event.