## Dresner v. Gonynor

*James E. O'Neill, Jr.*, for plaintiff.
*William H. Witman*, for defendants.

RILEY, J., December 23, 1966.—Plaintiff has filed a complaint in equity seeking partition of a certain premises situate in this county and names as defendants a number of defendants who are believed to be

all parties who may have an interest in the property in question. The complaint recites that on August 1, 1960, the property was conveyed to Robert B. Dalton and John R. Larendon as joint tenants with a right of survivorship. On December 7, 1960, Dalton was convicted in California of the slaying of John R. Larendon. On March 18, 1966, plaintiff bid and purchased the interest of Dalton in the property at a sheriff's sale in this county upon a judgment against him and received a deed from the sheriff of Chester County. Plaintiff avers that, as a result of said sale, he now holds title as tenant in common with some or all of the heirs of Larendon. As to Larendon's interest, it is averred that some or all of defendants, with the exception of the ancillary administrator of the Larendon estate, are Larendon's heirs or residuary legatees, but that the nature and extent of their interests are matters still pending before the orphans' court of this county. A will of Larendon has been filed here in which all of his personal and real estate were devised and bequeathed to Dalton, with the proviso that, if Dalton predeceased him, the estate was to be divided equally between Henry A. Kendall and Ruth P. Gonynor. Plaintiff avers his belief that as a result of the operation of the "Slayer's Act", Act of August 5, 1941, P. L. 816, sec. 8, 20 PS §3448, the latter two persons are the only parties having an interest in the Larendon share of the property, but has named all parties with possible interest in view of pending litigation before the orphans' court. As to unknown heirs, request has been made to make service by publication under Pennsylvania Rules of Civil Procedure 1504(3) and 1507. Plaintiff avers that a Nathan Bullock lives on the property as custodian for the administrator of the Larendon estate and has excluded him from the property and possession and from rents or profits of the same.

Certain defendants have filed preliminary objections as follows:

"MOTION FOR MORE SPECIFIC PLEADING

"1. No copy of the deed referred to in paragraph seven of the Complaint is attached and such is basic to plaintiff's standing in these proceedings.

"PETITION RAISING QUESTIONS OF JURISDICTION

"1. This action in equity has been brought to determine the nature and extent of interests in real property and to direct partition after such determination.

"2. This Court of Equity does not have jurisdiction of the subject matter of this action firstly, because the determination of title is a matter for the Courts of Common Pleas to preserve the right of jury trial to the parties.

"3. This Court of Equity does not have jurisdiction of the subject matter of this action secondly, because by virtue of the Act of August 10, 1951, P. L. 1163, Article III, 301 (12), the jurisdiction of a cause of action involving any interest of a decedent in real estate in an estate or trust subject to the jurisdiction of the Orphans' Court is exclusively vested in the Orphans' Court".

We shall deal first with the objection relating to the jurisdiction of this court. As we view the objections, they are two-fold in nature, the first being founded upon the application of the broad principle that equity will not try title to real estate and partition may not be employed merely as a vehicle to this end; and, secondly, the Act of August 10, 1951, P. L. 1163, art. III, sec. 301(12), 20 PS §2080.301 (12), requires the partition to be in the orphans' court, because the action requires a determination of the interest of a decedent in an estate subject to orphans' court jurisdiction.

As to the first objection, while we recognize the principle that partition is not to be employed merely as an excuse to have equity try title to real property (Butler v. Butler, 377 Pa. 388), and that in applying partition we must necessarily adjudicate the title of plaintiff, where no issue of fact is involved and the question would be purely a construction of legal principles, there is no bar to equity jurisdiction: Hunter v. McKlveen, 353 Pa. 357; Teacher v. Kijurina, 365 Pa. 480. The construction of legal title in the case before us involves solely the application of the "Slayer's Act", Act of August 5, 1941, P. L. 816, 20 PS §3441 et seq. and, on defendants' side, both the application of that act and the general law of devises and decedents' estates. While we see no real objection on this first ground to our assuming jurisdiction as to plaintiff, the fact that a partition case involves not only plaintiff's but defendants' title and in the instant case, as above noted, such title involves the application of decedents' estates law, a serious obstacle does appear when we pass to the second objection.

Plaintiff in his complaint avers that defendants' title evolves from the will of Larendon on probate in California with ancillary administrator appointed in this county where the property is located. It is also evident from the complaint that some uncertainties exist as to proper defendants as between the heirs of Larendon and the residuary legatees under the will mentioned, all being joined as defendants. It is equally clear that the estate of Larendon is at this moment in process of administration as affecting this property in the orphans' court of this county, whose function it will be to determine the identity and quantum of interest of various claimants and possible claimants under Larendon in the property in the distribution of the estate. For this court to determine these questions in partition proceedings would, in our opinion, clearly

usurp the prerogatives and exclusive jurisdiction of the orphans' court.

It has been urged that the title in question is solely by deed and the orphans' court has no jurisdiction, plaintiff pointing to the deed which vested title in Larendon and Dalton as joint tenants with right of survivorship. Plaintiff ignores the fact that the title now to be partitioned is only partly by that deed, namely the Dalton interest under the sheriff's deed to plaintiff, and the balance of title vesting under descent from Larendon. Plaintiff also points to article III, sec. 302, of the Orphans' Court Act of August 10, 1951, P. L. 1163, as amended, 20 PS §2080.302, as conferring concurrent jurisdiction between the common pleas and orphans' court. This section reads:

"The orphans' court shall have concurrent jurisdiction of:

"(1) Title to Real Estate. The determination of the persons to whom the title to real estate of a decedent or of the creator of an estate or trust subject to the jurisdiction of the orphans' court has passed by devise or descent or by the terms of the trust instrument: Provided, That nothing herein shall be construed to *restrict the exclusive jurisdiction* of the orphans' court to distribute real estate in an estate or trust within its jurisdiction". (Italics supplied.)

We coincide with plaintiff that, under the terms of the above section, we have concurrent jurisdiction to determine title to real property where it has passed by descent. However, it is argued on behalf of defendants that where an estate is already under process of administration and distribution of that property in property is intimately, if not solely, involved in the administration and distribution of that property in the orphans' court, we may not, and should not, interfere. We refer specifically to the opinion of Justice Roberts in Tallarico v. Bellotti, 414 Pa. 535, where

the issue involved an action to quiet title, wherein he stated, at pages 538-39:

"Assuming, for the moment, that a question of title is here involved, §302 of the Orphans' Court Act of 1951, August 10, P. L. 1163, §302, as amended, 20 PS §2080.302 (Supp. 1963), does vest in the orphans' court concurrent rather than exclusive jurisdiction to determine title to real estate of a decedent. However, this controversy should be before the orphans' court, the jurisdiction of which attached first by virtue of the granting of letters of administration on September 27, 1963, prior to the filing of the instant action . . . Moreover, under the circumstances of this case, still assuming a question of title is involved, the orphans' court is the more appropriate forum in which to achieve a determination of all questions".

This view is peculiarly appropriate to the facts and law before us.

If our interpretation of section 8 of the "Slayer's Act" is correct (20 PS §3448), the Dalton interest immediately prior to the sheriff's sale to plaintiff was a life estate in an undivided one-half interest in the property, said life estate being created by operation of law: Section 8 of the "Slayer's Act". Plaintiff, of course, could receive no more from the sale than Dalton's interest prior thereto.

Rule 1557 of the Rules of Civil Procedure requires in the decree directing partition ". . . the names of all of the co-tenants and the nature and extent of their interests in the property". This is the very issue now before the orphans' court. While we may readily adjudicate the extent of plaintiff's interest, the identity and extent of the individual interests of the heirs or legatees of Larendon is before the orphans' court and, were we to order a partition, we would necessarily be required to determine the specific extent of interests of the cotenants.

We are not at all unsympathetic with plaintiff's position if he is correct in his assertion that the administrator of the estate has the property occupied by a caretaker and prevents his possession. There is no doubt that plaintiff has a minimum estate for the life of Dalton and is entitled to reasonable rents and profits from the premises in proportion to his interest, and the administrator may not arbitrarily deprive him of his rightful interest. Nor do we have any doubt of his right to partition at such time as the identity and extent of interests of the present cotenants have been adjudicated. There is further no doubt of the ultimate right of plaintiff to a partition, and that a sale of the property is desirable to clear all title problems as to the property in question, whether under the jurisdiction of this court or of the orphans' court, and that some disposition should be expedited in the best interest of all parties. However desirable the result may be, such does not authorize this court to step in and usurp the function of the orphans' court to determine the disposition of Larendon's interest in the property. With that determination completed, we will have no hesitancy in assuming jurisdiction to proceed with partition if no other equally appropriate disposition of the property has been achieved within the orphans' court proceedings. Our sole objection to undertaking partition at this time is that to comply with the partition rules would necessarily require us to remove from the Orphans' Court the very issue now before it for determination and one which the legislature has placed solely within its jurisdiction.

While it is not for our determination in this court, we believe the full remedy for the evils of which plaintiff complains with as effective results as a partition sale here would accomplish may well be achieved within the orphans' court procedures and jurisdiction:

See sections 734, 756, Fiduciaries Act of April 18, 1949, P. L. 512, art. VII, sec. 734, 20 PS §320.734 and 736.

Wherefore, December 23, 1966, the preliminary objection to the complaint in the nature of demurrer is sustained, and as it appears that the deficiencies are not such as might be cured by amendment, no allowance is made for amendment to the complaint.