**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:  July 10, 2020
Date Submitted:   June 23, 2020

Donald L. Gouge, Esquire
800 N. King Street, Suite 303
Wilmington, DE 19801

Robert J. Valihura, Jr., Esquire
Morton Valihura & Zerbato, LLC
3704 Kennett Pike, Suite 200
Greenville, DE 19807

RE:   *In the Matter of 0 Kennedy Road, Wilmington, DE 19810*
      C.A. No. 2018-0447-PWG

Dear Counsel:

Pending before me is a petition filed by property owners claiming title by adverse possession of a parcel of land adjacent to their property, which encompasses a walkway.  The community association opposes the petition and filed a motion for summary judgment, arguing the adjacent owners have failed to provide evidence of adverse possession.  In response, the property owners argue the community association lacks standing to contest their claim.  I find the community association has standing to contest the claim, and the property owners have not shown the elements essential to their adverse possession claim – that their possession of the parcel was hostile or exclusive.  I recommend the Court grant the community association's motion for summary judgment.  This is a final report.

## I. Background

The property at issue is located at 0 Kennedy Road, Wilmington, Delaware and is a 20-foot-wide parcel of land ("Property"), which contains some trees and shrubs and an approximately three-foot wide paved walkway, and extends 115 feet between Kennedy Road in the Talleybrook community ("Talleybrook") and privately owned open space.[1] Title to the Property appears to be in the name of Talleybrook's developer, Frank Tigani Builders, Inc., a defunct Delaware corporation.[2] The Property is designated on the recorded Talleybrook Street and Lot Plan ("Plot Plan") with the notation "20 R/W FOR WALKWAY."[3] Petitioners Randall and Kathleen Horne ("Petitioners") have owned and lived in the adjacent property located at 2832 Kennedy Road since 1988.[4]

On June 21, 2018, Petitioners filed a petition to quiet title ("Petition"), claiming title to the Property because they have maintained the Property by cutting and fertilizing grass, trimming bushes and vegetation, and removing deteriorating trees, and their use and ownership of the Property has been open, notorious and obvious for over 30 years. On September 28, 2018, Talleybrook Civic

---

[1] The open space is owned by the operators of WSTW and WDEL radio stations. Docket Item ("D.I.") 1, ¶ 3.

[2] *Id.*, ¶ 6.

[3] D.I. 8, Ex. A.

[4] D.I. 1, ¶ 2.

Association, Inc. ("Association") filed a response, as an interested party, opposing the Petition. The Association denies Petitioners have maintained the Property, and contends that members of Talleybrook have frequently and continually used the Property since its inception. There was an October 11, 2018 hearing on the Petition.

On May 1, 2019, the Association filed a motion for summary judgment ("Motion"), and a motion to stay discovery pending resolution of the Motion. The Association filed its opening brief on the Motion on May 28, 2019. After resolution of a discovery dispute, Petitioners filed their answering brief on December 31, 2019, arguing that the Association did not have standing to contest the Petition and that there is a factual dispute concerning how much of the Property they control. The Association's January 17, 2020 reply asserts that the Association has standing through the law of the case, waiver, and organizational standing, and denies that Petitioners have satisfied any element of their adverse possession claim, even if limited to a smaller portion of the Property. I conducted a site visit of the Property on June 23, 2020.[5]

---

[5] The site visit was originally scheduled for March 26, 2020, but was postponed due to COVID-19 precautionary measures in place at that time.

## II. Standard for Review

Under Court of Chancery Rule 56, the court grants a motion for summary judgment when "the moving party demonstrates the absence of issues of material fact and that it is entitled to a judgment as a matter of law."[6]  The moving party bears the burden of demonstrating that no material factual issues are in dispute and that it is entitled to judgment as a matter of law.[7]  Once the moving party has satisfied that burden, it falls on the non-moving party to show there are factual disputes.  Evidence must be viewed "in the light most favorable to the non-moving party."[8]  Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case," if that party bears the burden of proof at trial."[9]

---

[6] *Wagamon v. Dolan*, 2012 WL 1388847, at *2 (Del. Ch. Apr. 20, 2012); *see also Pine River Master Fund Ltd. v. Amur Fin. Co., Inc.*, 2017 WL 4023099, at *6 (Del. Ch. Sept. 13, 2017) (citation omitted); *Cincinnati Bell Cellular Sys. Co. v. Ameritech Mobile Phone Serv. of Cincinnati, Inc.*, 1996 WL 506906, at *2 (Del. Ch. Sept. 3, 1996), *aff'd*, 692 A.2d 411 (Del. 1997).

[7] *Cain v. Sussex Cty. Council,* 2020 WL 2122775, at *6 (Del. Ch. May 4, 2020); *Dieckman v. Regency GP LP*, 2019 WL 5576886, at *11 (Del. Ch. Oct. 29, 2019) (citation omitted); *Wagamon*, 2012 WL 1388847, at *2.

[8] *Williams v. Geier*, 671 A.2d 1368, 1389 (Del. 1996) (citing *Merrill v. Crothall-American, Inc.,* 606 A.2d 96, 99 (Del. 1992)); *see also Pine River Master Fund Ltd.*, 2017 WL 4023099, at *6 (citation omitted).

## III.    Analysis

### A. Does the Association have standing to contest the Petition?

I consider Petitioners' claim that the Association lacks standing to contest its adverse possession claim. "Standing is a threshold jurisdictional requirement" that addresses "the right of a party to invoke the jurisdiction of a court to enforce a claim or to redress a grievance."[10]  The issue of standing is concerned "only with the question of *who* is entitled to mount a legal challenge and not with the merits of the subject matter in controversy."[11]  The party invoking the jurisdiction of a court bears the burden of establishing the elements of standing."[12]  Here, the Association has the burden of showing that it is entitled to bring this legal challenge.

The Association argues it has standing to contest Petitioners' claim under the law of the case doctrine because its standing was decided implicitly when court actions were taken previously.[13]  "The law of the case doctrine is a self-imposed restriction that prohibits courts from revisiting issues previously decided, with the

[9] *Lundeen v. Pricewaterhousecoopers, LLC*, 2006 WL 2559855, at \*5 (Del. Super. Aug. 31, 2006) (citations omitted).

[10] *Hall v. Coupe*, 2016 WL 3094406, at \*3 (Del. Ch. May 25, 2016); *Spiro v. Vions Tech. Inc.*, 2014 WL 1245032, at \*8 (Del. Ch. Mar. 24, 2014) (citation omitted); *see also Dover Historical Soc'y v. City of Dover Planning Comm'n*, 838 A.2d 1103, 1110 (Del. 2003).

[11] *Dover Historical Soc'y,* 838 A.2d at 1110 (citation omitted).

[12] *Stevenson v. Delaware Dep't of Nat. Res. & Envtl. Control*, 2014 WL 4937023, at \*3 (Del. Super. Sept. 22, 2014) (citation omitted).

[13] D.I. 48, at 5.

intent to promote 'efficiency, finality, stability and respect for the judicial system.'"[14]  The law of the case doctrine "only applies to issues the court actually decided," including issues decided implicitly "or by necessary inference from the disposition," after being "fully briefed . . ."[15]  Here, the law of the case doctrine does not apply because the issue of the Association's standing was not previously brought up, briefed or decided by the Court, explicitly or implicitly.

The Association next asserts that any issue regarding the Association's standing was waived by Petitioners' failure to contest the Association's standing at the pleading stage.[16]  Since standing is a threshold jurisdictional issue that can be raised *sua sponte*, the standing issue is not waived.[17]

Finally, the Association claims organizational standing to act for Talleybrook's benefit.[18]  "An organization may sue on behalf of its members if 1) the interests to be protected by the suit are germane to the organization's purpose; and 2) neither the claim asserted nor the relief requested requires the participation of individual members; and 3) the organization's members would otherwise have

---

[14] *State v. Wright*, 131 A.3d 310, 321 (Del. 2016) (citation omitted).

[15] *Id.* (citations omitted).

[16] D.I. 48, at 6-7.

[17] *Friends of Sandbar Village v. Sandcap, LLC,* 2019 WL 2027660, at *1, n. 1 (Del.Ch. May 08, 2019).

[18] *Id.*, at 7-9.

standing."[19]   The Association contends that the interests to be protected in the lawsuit are germane to its purpose because Petitioners' adverse possession of the Property "would negatively impact [certain Association members'] enjoyment of the community."[20]  "The question whether one's interest is germane is 'undemanding' and requires only 'mere pertinence between the litigation subject and organizational purpose.'"[21] Petitioners argue the Association is a voluntary organization with no enforcement power and there has been "no Board resolution or any written documentation allowing Talleybrook to take any legal action or incur fees and costs on behalf of the community."[22]  The Association's purpose is to promote "the general welfare and community activities of Talleybrook" and

---

[19] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 902 (Del. 1994); *see also Friends of Sandbar Village*, 2019 WL 2027660, at *1 (holding that plaintiff did not have standing to bring claims on behalf of condominium property owners and a corporation since it was not a member of the corporation or a property owner, and had not pled organizational standing).

[20] D.I. 48, at 8.

[21] *Oceanport Indus., Inc.*, 636 A.2d at 902 (citation omitted).  In *Oceanport*, the Court held that the first part of the organizational standing test "is a weak standard, barring only those whose litigation goals and organization's purpose *are totally unrelated.*" *Id.*

[22] D.I. 47, at 6.  Petitioners appear to point to the lack of authority in the Association's governing documents for it to undertake litigation and to focus on the Association's Bylaws' provision that "[t]he Association shall not be responsible for any financial obligation unless such is approved by the Board of Directors." D.I. 48, Ex. A, Art. IX, §1. The evidence indicates that the Association's Board voted to approve the Association's involvement in the litigation. D.I. 47, Ex. A, Pineault Dep. Tr. 17:3-5.  There is no evidence that the Association, through its actions, violated its authority as set forth in the Association's governing documents.

7

"better standards of living in the community."[23] Its challenge is sufficiently related to meet the first prong of the organizational standing test. The second prong of the test is met because neither the Association's challenge nor the relief sought require individual members' participation.

Finally, the third prong looks at whether individual Talleybrook members have standing as well. The Association argues that all members have standing, as result of the Property's designation in the Plot Plan.[24] "Generally, to establish standing, (1) a party "must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the [other party] and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."[25] The question is whether individual members have standing to challenge Petitioners' adverse possession claim. A defunct corporation has title to the Property, which is designated as a "right of way" on the Plot Plan. There is

---

[23] D.I. 48, Ex. A, Art. II; Ex. B, Art. III

[24] D.I. 48, at 9.

[25] *Dover Historical Soc. v. City of Dover Planning Comm'n*, 838 A.2d 1103, 1110 (Del. 2003) (citations omitted).

not necessarily a private right of action to enforce the provisions of a recorded plan.[26]   However, in this instance, I find sufficient evidence that some members, including the neighboring property owner (who has, at times, helped maintain the Property), have standing.[27]   Accordingly, I recommend the Court conclude that the Association has standing to challenge Petitioners' adverse possession claim.

### B. Have Petitioners shown sufficient proof of adverse possession to survive the Motion?

Next, I consider whether Petitioners have provided sufficient evidence to establish the elements essential to its adverse possession claim to survive the Motion. Petitioners claim there is a factual dispute concerning their adverse possession claim – they have maintained the Property for over 30 years and "most of the Property is impassable with trees and shrubs, which are like a fence," putting the public on notice that "they do not have access to [the Property] except for the three-foot-wide deteriorated pathway."[28]   The Association denies that Petitioners have satisfied any element of their adverse possession claim, even if the claim is limited to a smaller portion of the Property, since the trees and shrubs on the Property do not make it impassable.[29]   It asserts that Petitioners may have cut grass

---

[26] *See generally The Greylag 4 Maint. Corp. v. Lynch-James*, 2004 WL 2694905, at *8 (Del. Ch. Oct. 6, 2004).

[27] *See* D.I. 47, Ex. A, Pineault Dep. Tr. 19:6-20:6.

[28] D.I. 47, at 7-8.

[29] D.I. 48, at 11-12.

and trimmed trees on the Property, but they have not used the Property openly and notoriously, or made improvements to the Property, or shown actual, hostile or exclusive possession. The Association claims "the Property has been used for various reasons by many other people over the years," and there is "no fence, no gate, no signs, and no intentionally planted hedge designed to exclude others from the Property."[30]

To claim title to property, an adverse possessor must show, by a preponderance of the evidence "(1) open and notorious, (2) hostile and adverse, (3) exclusive, (4) actual possession [of property], (5) that was continuous for twenty years."[31] "Open and notorious means that the possession must be public so that the owner and others have notice of the possession."[32] "A use is adverse or hostile if it is inconsistent with the rights of the owner."[33] "Exclusive possession means that

---

[30] *Id.*, at 15-16.

[31] *Tumulty v. Schreppler*, 132 A.3d 4, 24 (Del. Ch. 2015).

[32] *Id.* at 27 (citing *Walker v. Five N. Corp.,* 2007 WL 2473278, at *4 (Del. Super. Aug. 31, 2007); *Marvel v. Barley Mill Rd. Homes*, 104 A.2d 908, 912 (Del Ch. 1954) ("As a general rule it will be sufficient if the land is so used by the adverse claimant as to apprise the community in its locality that it is in his exclusive use and enjoyment, and to put the owner on inquiry as to the nature and extent of the invasion of his right").

[33] *Bogia v. Kleiner*, 2019 WL 3761647, at *10 (Del. Ch. Aug. 8, 2019), *reargument denied sub nom. Bogia v. O'Neal* (Del. Ch. 2020) (citation omitted); *see also Tumulty*, 132 A.3d at 27 ("[I]t is not necessary that one entering a property must expressly declare his intention to take and hold the property as his own. The actual entry upon and the use of the premises as if it were his own, to the exclusion of all others, is sufficient. . . .") (citation omitted); *Ayers v. Pave It, LLC*, 2006 WL 2052377, at *2 (Del. Ch. July 11, 2006) (citations omitted).

the adverse possessor must show exclusive dominion over the land and an appropriation of it to his or her own use or benefit."[34]   Possession is exclusive when the claimant's possession excludes the record owner and the public."[35]   The adverse possessor "must intend to hold the land for himself, and that intention must be made manifest by his acts."[36]   "The party claiming adverse possession bears the burden of proving all the elements of the adverse holding."[37]   Once those elements have been shown, the burden shifts to the record owner to rebut the adverse possession claim by establishing that possession was permissive.[38]

For its Motion to be granted, the Association must show it is entitled to judgment as a matter of law and there are no material facts in dispute, even when the evidence is considered in a light most favorable to Petitioners.  For Petitioners to obtain adverse possession over the Property they must show open and notorious, hostile and adverse, exclusive, actual, and continuous possession of the Property for 20 years.

---

[34] *Walker v. Five N. Corp.,* 2007 WL 2473278, at *4.

[35] *Berger v. Colonial Parking, Inc.*, 1993 WL 208761, at *2 (Del. Ch. June 9, 1993), *decision modified on denial of reargument,* 1993 WL 257329 (Del. Ch. July 2, 1993); *see also Tumulty*, 132 A.3d at 27 ("An ordinary landowner may experience trespasses on her land; promptly excluding such individuals upon discovery reinforces a claim of exclusive ownership.")

[36] *Marvel*, 104 A.2d at 911.

[37] *Matter of Campher*, 1985 WL 21134, at *2 (Del. Ch. Mar. 20, 1985), *aff'd*, 498 A.2d 1090 (Del. 1985).

[38] *Id.*

Even considering the evidence in a light most favorable for Petitioners, they have not met their burden of establishing the elements essential to adverse possession. The material facts are undisputed. There were no overt, hostile and exclusive acts of possession that provided notice of Petitioners' claim of exclusive ownership of the Property. Although they cut the grass and maintained the trees and shrubs on the Property, Petitioners took no overt actions, such as erecting a fence, placing a sign, or notifying users of the Property that they were trespassing, to exclude others or to hold themselves out as the owners of the Property. The trees and shrubs on the Property do not make the walkway, or the Property, impassable. The Property is easily traversable throughout the length of the Property, except that the trees and shrubs, which are limited in number, prevent accessibility at their exact locations. One side of the walkway – the closest side to the Petitioners – contains more shrubs and trees but there is no indication that those shrubs or trees are intended to demarcate a portion of the Property for the Petitioners' exclusive use, hostile to all others.[39] The evidence shows that others

---

[39] Petitioners rely on a Texas appellate court's holding in *Julien v. Baker,* 758 S.W.2d 873, 876 (Tex. App. 1988), *writ denied* (Feb. 22, 1989), to support their position that the trees and shrubs on the Property act like a barrier, providing notice of their adverse possession. D.I. 47, at 7-8. The *Julien* Court held that "planting a hedge on the asserted property line of the tract to create a barrier or 'fence' between the properties is a sufficiently permanent, visible and unequivocal act to evidence a hostile character of possession which is sufficient to give notice to the true owner of the claimant's adverse possession." 758 S.W.2d at 876. I do not need to consider whether the *Julien* holding applies in Delaware since that case is factually distinguishable. Here, the evidence does

12

used the Property as a walkway, and that taxes have not been paid on the Property.[40] I find there are no material factual disputes and the Association is entitled to judgment as a matter of law because Petitioners have not met their burden of showing their possession was exclusive or hostile.[41]

## IV. Conclusion

Based upon the reasons set forth above, I find that, considering the evidence in a light most favorable to Petitioners, they have not met their burden of showing their possession of the Property, or any portion of the Property, was adverse, exclusive or hostile. Therefore, I recommend that the Court grant summary judgment. This is a final report and exceptions may be taken pursuant to Court of Chancery Rule 144.

Respectfully,

/s/ Patricia W. Griffin

Patricia W. Griffin
Master in Chancery

---

not show that Petitioners planted the trees or shrubs for the purpose of establishing a boundary line barrier. *See, e.g., Bywaters v. Gannon*, 686 S.W.2d 593, 595 (Tex. 1985) (the Texas Supreme Court held that maintaining a pre-existing hedge and mowing grass did not evidence hostility sufficient to give notice of adverse possession).

[40] New Castle County tax bills showed that no school and county taxes have been paid on the Property as far back as 1973 through 2017. D.I. 3, Ex. 1.

[41] The Property remains in the name of a defunct corporation, Frank Tigani Builders, Inc., so there may be other options for addressing the Property's ownership. Given the circumstances, Petitioners may decline to continue efforts to maintain the Property.With its interest in having members access the Property, the Association may take on maintenance responsibilities for the Property.